# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2012

No. 11-60503

Lyle W. Cayce
Clerk

BENNY RAY SAUCIER

Plaintiff-Counter Defendant-Appellee

v.

AVIVA LIFE AND ANNUITY COMPANY

Defendant-Counter Claimant-Appellee

v.

RSL FUNDING, L.L.C.; RSL-5B-IL, LIMITED

Counter Defendants-Appellants

Appeals from the United States District Court for the
Southern District of Mississippi

Before STEWART, Chief Judge, and DeMOSS and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Counter Defendants-Appellants RSL Funding, L.L.C. and RSL-5B-IL Limited (collectively "RSL") appeal the district court's decision to abstain based on the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and to remand this case to the state court. For the following reasons, we REVERSE the decision of the district court and REMAND the case to the district court. The motion to dismiss filed by Plaintiff-Counter Defendant-Appellee Benny Ray Saucier ("Saucier") is DENIED.

No. 11-60503

## BACKGROUND

Because the factual background of this case is complex, disputed, and largely irrelevant to the analysis of the district court's abstention order, we provide only a general outline. In 1990, Saucier received an annuity in settlement of a personal injury lawsuit. The annuity provided Saucier with payments at five-year intervals until 2015. A payment of $150,000 was due on August 30, 2010, and a payment of $200,000 will be due on August 30, 2015. Defendant-Counter Plaintiff-Appellee Aviva Life and Annuity Company ("Aviva") currently holds the annuity and is obligated to make these payments. Saucier entered into one or more agreements with RSL to sell his future payments in exchange for a lump sum. These agreements contained arbitration clauses in which the parties agreed that any dispute about the sale would be resolved through arbitration.

Under the Mississippi Structured Settlement Protection Act ("MSSPA"), no direct or indirect transfer of structured settlement payment rights is effective unless a court finds, among other things, that the transfer is in the best interest of the settlement payee. Miss. Code Ann. § 11-57-7. The MSSPA also requires the transferee to provide notice to all interested parties at least twenty days prior to any hearing on the transferee's application to transfer payment rights. Miss. Code Ann. § 11-57-11. The Chancery Court of Harrison County, Mississippi (the "state court") initially approved the sale of Saucier's future payments to RSL. However, on Saucier's motion, the state court later set aside the approval order, apparently due to noncompliance with the MSSPA. The state court denied RSL's motion to reconsider this decision on January 15, 2010.

On March 12, 2010, RSL instituted an arbitration proceeding against Saucier seeking damages arising from Saucier's alleged breach of contract. On March 15, 2010, Saucier obtained an *ex parte* temporary restraining order from the state court prohibiting RSL from proceeding with arbitration. On June 22,

2

2010, the state court rejected RSL's request to lift the injunction and thereby extended the injunction.

Saucier learned in July 2010 that Aviva intended to defer payment of his $150,000 annuity payment, which was due on August 30, 2010, until the state court had resolved the issue of damages owed by Saucier to RSL due to the revoked sale agreement. On August 16, 2010, Saucier filed a state court action against Aviva seeking a declaration that he was entitled to timely payment of the $150,000. Aviva removed the action to the district court and filed a counterclaim for interpleader. Aviva claimed that it was a disinterested stakeholder, and requested that it be allowed to deposit the $150,000 into the court's registry and that RSL be joined to the action as a necessary party. Saucier filed a motion requesting that the district abstain from the case and remand the action to state court.

On November 18, 2010, the district court denied Saucier's motion to remand, finding that abstention was not warranted under the *Burford*, *Younger*, or *Colorado River* doctrines. The district court held that *Colorado River* abstention was not applicable because this case is not "parallel" to the state court litigation between Saucier and RSL. The district court noted that Aviva is a party to the present case but not to the state court action, and that Saucier had sought damages against Aviva in addition to a declaratory judgment. The district court also granted Aviva's request to join RSL and to deposit the $150,000 into the court's registry. Also, despite rejecting Saucier's request for abstention, the district court stayed the case pending "the final resolution of the state court litigation, at which time any party may move to lift the stay and seek disbursement of the funds in accordance with the state court's final judgment." R. 433.

After RSL was joined as a party, it filed a motion to lift the stay so that it could move to compel arbitration of the dispute between Saucier and RSL. The

No. 11-60503

district court denied this motion. On March 18, 2011, RSL filed a motion to compel arbitration. The district court entered an order stating that Saucier need not respond to this motion until after the stay was lifted. On April 7, 2011, RSL filed a motion requesting a formal ruling on its motion to compel arbitration, concerned that appeal based on the Federal Arbitration Act could be considered premature because the motion to compel had not been explicitly denied. On April 21, 2011, Aviva filed a motion to lift the stay for the limited purpose of dismissing Aviva from the lawsuit and a motion to dismiss.

Rather than rule on the pending motions, the district issued an order on June 17, 2011, reconsidering its ruling on Saucier's motion to remand *sua sponte*. The district court determined that it should abstain from hearing the case based on the *Colorado River* doctrine and that the case should be remanded to the state court. The district court explained that this case was now parallel to the pending state court because Saucier had agreed to drop his claims against Aviva and allow Aviva to be dismissed from the case. The district court discussed the six *Colorado River* factors and ultimately concluded that "[e]xceptional circumstances exist here justifying deference to the state court proceeding." R. 892. RSL appealed the district court's order.

Also on June 17, 2011, the state court granted Saucier's motion for a permanent injunction prohibiting RSL from arbitrating its dispute with Saucier.

## DISCUSSION

Under the *Colorado River* doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under "exceptional circumstances." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *see Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In determining whether "exceptional circumstances" exist, the Supreme Court has identified six relevant factors: (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the fora; (3) avoidance of

No. 11-60503

piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly*, 315 F.3d at 497. These factors are not applied mechanically, but carefully balanced "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

A district court's abstention ruling is reviewed for abuse of discretion. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). However, we review *de novo* whether the requirements of a particular abstention doctrine are satisfied. *Id.*

RSL argues that the *Colorado River* doctrine is not applicable because this case is not in fact "parallel" to the state court action. Because we find that abstention is not justified by "exceptional circumstances," we do not address this argument further.

## I.    The *Colorado River* Factors

### A.    Assumption of Jurisdiction Over a *Res*

The district court found that "[t]he first factor seemingly weighs against abstention, as Aviva has deposited the *res*, the annuity proceeds, into the registry of this Court. However, the court can easily order repayment of these proceeds to Aviva." R. 889-90. Although the district court did not explain further, it appears to have treated this factor as neutral. However, the fact that the district court had already assumed jurisdiction over a disputed *res* must surely weigh at least slightly in favor of retaining jurisdiction. Furthermore, even if no court had assumed jurisdiction over a disputed *res*, this factor would not be neutral – it would support the exercise of federal jurisdiction. *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006).

5

### B.     Relative Inconvenience of the Fora

The district court found that "[t]he second factor is not an issue here, as both courts are equally convenient for all parties. Both are physically located in Gulfport, Mississippi." R. 890. However, this factor is not neutral; we have held that "[w]hen courts are in the same geographic location, the inconvenience factor weighs *against* abstention." *Stewart*, 438 F.3d at 492 (emphasis added).

### C.     Avoidance of Piecemeal Litigation

The district court found that "the third factor weighs in favor of abstention, as piecemeal litigation is easily foreseeable based upon the record and the nature of the motions pending in this case." R. 890. Although the district court acknowledged precedent holding that "federal law requires piecemeal litigation when necessary to give effect to an arbitration agreement," the court stated that "the present case is not a separate action to compel arbitration pursuant to the Federal Arbitration Act . . ., 9 U.S.C. § 4, which would necessarily require piecemeal litigation." *Id.* The district court also noted that the parties had raised the issue of "whether any arbitration award approving a transfer of structured settlement payments to RSL would contravene the Mississippi Structured Settlement Protection Act." *Id.* The district court found that "the ongoing state court litigation directly involves Plaintiff's attempt to avoid certain contracts entered into with RSL, which contain the certain arbitration agreements through which RSL now seeks to compel arbitration in this forum," and that RSL "is seeking, or has sought, to compel arbitration in the state court proceeding as well." *Id.*

Contrary to the district court's suggestion, the federal policy of enforcing arbitration agreements is the same regardless of whether the party seeking enforcement proceeds through an action to compel under 9 U.S.C. § 4 or a motion to stay under 9 U.S.C. § 3. In both cases, one party seeks to force another party to resolve a dispute through arbitration rather than through the courts.

No. 11-60503

Furthermore, in both cases piecemeal litigation may result – if some parties to a dispute have agreed to arbitrate and others have not, enforcing the arbitration agreement will prevent the entire dispute from being resolved in a single forum. Regardless of the procedural mechanism, the fact that enforcing an arbitration agreement may lead to piecemeal litigation does not weigh in favor of abstention. Rather, the district court should retain jurisdiction and determine whether the alleged arbitration agreement is enforceable.

In finding that abstention would avoid piecemeal litigation, the district court also relied upon the fact that several critical issues in this case – including whether the arbitration contracts between Saucier and RSL are enforceable – were being litigated in state court. *See* R. 890. This analysis appears to confuse piecemeal litigation with duplicative litigation. The concern with piecemeal litigation arises primarily where parallel lawsuits "pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001). "The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." *Id.* If the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention.

This case involves the same essential dispute between the same two parties that is present in the state court action. Saucier and RSL dispute whether RSL has a contractual right to receive Saucier's remaining settlement payments and whether this issue should be resolved through arbitration. This dispute can be resolved just as fully in federal court as in state court. If anything, piecemeal litigation is potentially avoided by proceeding in this action

rather than the state action because Aviva has been joined as a party and the first disputed settlement payment has been deposited into the district court's registry. Although proceeding in this action certainly makes duplicative litigation likely, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.3d 1185, 1192 (5th Cir. 1988). Accordingly, this factor weighs in favor of retaining federal jurisdiction.

### D.    Order in Which Jurisdiction Was Obtained

The district court found that the fourth factor "clearly favors abstention" because "[t]he state court action was filed first and has made significantly more progress than the present suit," and because "the present case has not proceeded past the filing of the initial pleadings." R. 891. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Saucier and RSL have been litigating issues concerning the alleged sale of Saucier's future settlement payments in state court ever since Saucier filed a motion to set aside the court order approving the sale on June 11, 2009. R. 738. As explained above, the state court has made various substantive rulings on the validity of the sale and the enforceability of the arbitration agreements. On the other hand, the district court has not made any substantive rulings on these matters. This factor therefore weighs in favor of abstention.

### E.    Whether State or Federal Law Will Be Applied

The district court found that the fifth factor weighs in favor of abstention because "[a] decision on the merits of this action, that is entitlement to the interpled funds, will be controlled by Mississippi law." R. 891. Although this is correct, RSL's motion to compel arbitration presents a question of substantive federal law. *Moses H. Cone*, 460 U.S. at 24. "Although in some rare circumstances the presence of state-law issues may weigh in favor of [abstention]

. . ., the presence of federal-law issues must always be a major consideration weighing against surrender." *Id.* at 26. Here, the enforceability of the arbitration agreements is the most immediate question before the district court, and it could make resolution of the state law issues unnecessary. Under such circumstances, this factor weighs in favor of retaining federal jurisdiction.

## F.    Adequate Protection in State Court

Finally, the district court found that the sixth factor weighs in favor of abstention because "[t]he substantive issues presented in this case are governed by state law, and the state courts are certainly competent to address all of the legal issues presented, including RSL's request for arbitration." R. 891. However, the adequacy of state proceedings never weighs in favor of abstention – it is "either a neutral factor or one that weighs against abstention." *Stewart*, 438 F.3d at 493.

Ultimately, the only factor weighing in favor of abstention is the greater progress made in the state court case. This, in itself, does not give rise to "exceptional circumstances" capable of overcoming the strong presumption in favor of retaining jurisdiction. *See Moses H. Cone*, 460 U.S. at 16 & 19. On the contrary, this case provides a rather ordinary example of parallel litigation in state and federal court. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," even if this results in seemingly wasteful duplicative litigation. *Colorado River*, 424 U.S. at 817. Furthermore, "the problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002). For these reasons, we find that the district court abused its discretion in abstaining.

## II.    The District Court's Initial Stay and Subsequent Remand

We also note that the district court erred in initially staying the proceedings despite finding that abstention was *not* warranted. In its November

18, 2010 order, the district court stayed this case "pending the resolution of the related state court litigation." This is precisely the relief that would have been properly granted if the district court had found *Colorado River* abstention to be appropriate. Such a stay is effectively a decision to defer to the state court proceedings, and is inappropriate in the absence of a finding that abstention is warranted.

The district court also erred in remanding the case to state court after determining that *Colorado River* abstention was appropriate. In *Moses H. Cone*, the Supreme Court declined to decide whether a stay or a dismissal is preferable when a district court chooses to abstain under the *Colorado River* doctrine. 460 U.S. at 28. "Most circuits to have considered the issue have held that a stay is always preferable because it may likely produce the same practical result as a dismissal while still leaving the docket open in case loose ends remain at the conclusion of the state proceedings." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 31 (1st Cir. 2010). It is clear, though, that remand is not an option. In addition to being unsupported by any authority in the removal statute or elsewhere, it is simply illogical. Where a court has already determined under the *Colorado River* analysis that an existing state court case "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," *Moses H. Cone*, 460 U.S. at 28, no purpose is served by sending the federal case back to state court to litigate the same issues.

## III. Saucier's Motion to Dismiss

Saucier filed a motion to dismiss RSL's appeal for lack of jurisdiction. Saucier argues that the state court has already issued a final order rejecting RSL's attempt to compel arbitration, and that this order must be given full faith and credit by the federal courts. However, the district court has not determined whether RSL's request to compel arbitration is precluded by any state court judgment, and this court declines to address the issue in the first instance.

No. 11-60503

Furthermore, preclusion would not deprive this court, or any federal court, of jurisdiction in any event. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Saucier's motion is DENIED.

## CONCLUSION

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings. On remand, the district court should determine whether RSL is entitled to compel arbitration under 9 U.S.C. § 3. The state court has previously held that the purported agreement between Saucier and RSL is invalid due to noncompliance with the MSSPA. Furthermore, the state court views this holding as a final order. R. 765. Arbitration cannot be used to relitigate claims or issues that have been definitively decided and have therefore acquired *res judicata* or collateral estoppel effect. *See, e.g., Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 499 (5th Cir. 1986) ("Since an arbitration award involves the entry of judgment by a court [confirming the award], parties should be barred from seeking relief from arbitration panels when, under the doctrine of res judicata, they would be barred from seeking relief in the courts."). Of course, the district court must determine in the first instance whether any issues or claims decided by the state court are entitled to preclusive effect. This court further notes circuit precedent holding that "a sham arbitration cannot be used as a device to bring about an otherwise unlawful transfer" – specifically, a party cannot use arbitration to enforce an agreement to transfer structured settlement payments if this agreement has been rejected by the state court under a structured settlement protection act. *Rapid Settlements, Ltd. v. Symetra Life Ins Co.*, 567 F.3d 754 (5th Cir. 2009); *see also Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 599 F. Supp. 2d 809 (S.D. Tex. 2008).