United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 05-60405
Summary Calendar

———————————

SUSIE PIERCE STEWART,

Plaintiff - Appellee,

v.

WESTERN HERITAGE INSURANCE COMPANY,

Defendant - Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi

———————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

The parties ask this Court to determine whether the district court correctly stayed this lawsuit pending the outcome of a related state court proceeding. We hold that the lower court erred, and therefore REVERSE and REMAND.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The present case concerns a previous lawsuit in Mississippi state court. The plaintiffs in that suit claimed that Boardwalk

Lounge, Inc. was responsible for the wrongful death of one of its patrons, Ryan Yates. Susie Pierce Stewart ("Appellee") is Boardwalk's sole shareholder, officer, and registered agent. Boardwalk was insured by Western Heritage Insurance Company ("Appellant"), who claims to have denied any obligation to defend or indemnify Boardwalk. No one defended the lawsuit and the plaintiffs took a default judgment of $1.4 million. Shortly thereafter, Boardwalk and the Appellee filed for bankruptcy.

On October 23, 2003, the Appellee filed this lawsuit alleging breach of insurance contract and bad faith in the United States District Court for the Southern District of Mississippi. The case proceeded in federal court with the entry of a case management order followed by a motion for summary judgment filed by the Appellant. The discovery deadline expired in October 2004, and the court set a trial date of February 14, 2005.

Meanwhile, on July 6, 2004, the trustee for Boardwalk filed suit in the Circuit Court of Hinds County, Mississippi. The complaint named the Appellant, the Appellee, Phillip Dunn (an insurance agent), and others who were later dismissed from the suit. The state complaint mirrors the federal suit except that it also includes claims against the Appellee and Appellant for breach of fiduciary duty and claims against Dunn. The Appellant removed the case on grounds of improper joinder. The trustee moved to remand.

Following the commencement of the trustee's suit, the Appellee

filed two separate motions to voluntarily dismiss this action. The Appellant opposed both. The Appellee also moved to join Dunn as a party.[1] Additionally, the Appellant filed a motion to join Boardwalk's trustee as a necessary party to this case. The magistrate judge granted that motion and ordered the Appellee to serve the trustee with process. The trustee, however, has never been joined and is not a party to this action.[2] The court set a hearing on all pending motions and a pretrial conference for early February 2005. At the hearing, the court stayed the case pending a ruling on the remand motion in the trustee's suit. The two cases were before different judges.

On March 22, 2005, the trustee's suit was remanded on the grounds that Dunn had been properly joined. On March 31, 2005, the court in this case, acting *sua sponte*, entered an order that "terminated" all pending motions and stayed the case pending the resolution of the trustee's suit in Mississippi state court. The Appellant appeals that order.

## II. DISCUSSION

We review a district court's decision to stay a case pending

---

[1]If Dunn is joined, it would defeat diversity jurisdiction as both the Appellee and Dunn hail from Mississippi. *See Cornhill Ins. PLC, v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997).

[2]The Appellee states that it never had an opportunity to join the trustee because the district court stayed the case.

the outcome of parallel proceedings in state court for abuse of discretion. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). If the decision rests on an interpretation of law, our review is *de novo. Id.*

A district court's decision to enter a permanent stay is governed by *Colorado River Water Conservatory District v. United States*, 424 U.S. 800, 813 (1976). *Colorado River* applies when suits are parallel, having the same parties and the same issues. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002).[3] Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").

In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Kelly Inv.*, 315 F.3d at 497; *see also Wilton v. Seven Falls Co.*,

---

[3]If the suits are not parallel, the federal court must exercise jurisdiction. *Republicbank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

515 U.S. 277, 285–86 (1995). We do not apply these factors mechanically, but carefully balance them "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 469 U.S. 1, 16 (1983). The balancing is done on a case-by-case basis. *Id.*

The district court did not apply the *Colorado River* test when it stayed this case. Therefore, we review the factors for the first time on appeal. We assume, but do not decide, that the cases are parallel.

## A. *Res* at Issue

Neither the state nor federal court has assumed jurisdiction over any *res* in this case. We have rejected the contention that the absence of this factor is "a neutral item, of no weight in the scales." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).[4] This factor supports exercising federal jurisdiction. *Murphy*, 168 F.3d at 738.

## B. Inconvenience Between Forums

When courts are in the same geographic location, the

---

[4]This holding in *Evanston Insurance* conflicts with the holding in *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002) ("The first factor is not relevant to the present case as neither the state nor federal district court have assumed jurisdiction over any res or property.") Because *Evanston Insurance* predated *Bank One*, the former controls our analysis. *E.g.*, *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 549 (5th Cir.1997). The first factor, therefore, is relevant even if no *res* exists in the case. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

inconvenience factor weighs against abstention. *Id.* at 738. Both the state and federal courthouses hearing these two cases are located in Jackson, Mississippi. This factor, therefore, supports exercising federal jurisdiction.

C. Avoidance of Piecemeal Litigation

The pendency of an action in state court does not bar a federal court from considering the same matter. *Bank One, N.A.*, 288 F.3d at 185. While duplicative litigation is permitted, *Colorado River* prevents "*piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51. Again, no property is at issue in this case. The potential, however, does exist for some piecemeal litigating as the state court is the only forum hearing the breach of fiduciary duty claims and claims against Dunn. For the remaining issues, a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments. *Kelly Inv.*, 315 F.3d at 498. Nonetheless, as the litigation presently exists, the third factor favors abstention.[5]

D. The Order in Which Jurisdiction Was Obtained

The inquiry under this factor is "how much progress has been

---

[5]While the current captions suggest that different parties exist, the record is clear that the magistrate intended to have the trustee joined and the Appellee is attempting to join Dunn. These efforts and the ability of the trustee to file a cross-claim could moot these piecemeal characteristics.

6

made in the two actions." *Murphy*, 168 F.3d at 738. The federal lawsuit progressed through an entire case management order, had a summary judgment motion pending at the time of the stay, and a trial date. With regard to the state proceeding, it is undisputed that no trial date exists, and the record suggests that little, if any, discovery has taken place. We have suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint. *Id.* Here, the case has clearly progressed further. For that reason, this factor favors federal jurisdiction.

E.  The Extent Federal Law Governs the Case

"[T]he presence of state law issues weighs in favor of surrender only in rare circumstances." *Black Sea Inv.*, 204 F.3d at 651 (reversing stay in case where state law governed). This case involves only issues of state law as it is being heard by the court under its diversity jurisdiction. Nonetheless, the Appellee has failed to show that "rare circumstances" exist. Therefore, this factor is "at most neutral." *Id.*

F.  Adequacy of State Proceedings

The sixth factor is either a neutral factor or one that weighs against abstention. *Id.* The Appellant does not argue that the state court would not adequately adjudicate the case. Under *Black Sea*, therefore, this is a neutral factor.

7

## IV. CONCLUSION

With the exception of the factor considering "piecemeal litigation," all of the *Colorado River* factors weigh against abstention or remain neutral. Given that we must balance these in favor of the exercise of jurisdiction, abstention in this case is inappropriate. The facts do not overcome the "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 814, 817. Because abstention is prohibited by *Colorado River*, we need not address the Appellant's argument that the federal and state cases are not parallel.

For the reasons above, the district court abused its discretion in staying this case. Therefore, we REVERSE and REMAND for proceedings consistent with this opinion.