# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2013

No. 12-60235

Lyle W. Cayce
Clerk

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,

Plaintiff - Appellee

v.

GLENDA C. BILES, Individually, Natural Mother of David Biles, Deceased, and Administratix of Estate of David Biles, Deceased; BEVERLY GARRETT, Individually and Natural Sister of David Biles, Deceased; PATRICIA FINNAN, Individually and Natural Sister of David Biles, Deceased; MICHAEL LOCKWOOD, Individually and Natural Brother of David Biles, Deceased,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:

This case arises out of the payment of benefits pursuant to an American Family Life Assurance Company of Columbus ("Aflac") accident insurance policy. The district court granted Aflac's summary judgment motion and awarded Aflac the relief it sought below: an order compelling Defendants-Appellants to submit their state-law claims against Aflac and its agents to arbitration. We AFFIRM.

No. 12-60235

I.

In late 2006, David Biles ("the decedent") allegedly completed an application for an Aflac accident insurance policy. The application included a form that required applicants to acknowledge receipt of a statement outlining the details of the accident policy's binding arbitration clause (the "arbitration acknowledgment form"). The application and the arbitration acknowledgment form both contain a signature Aflac purports to be that of the decedent. Aflac issued a policy to the decedent effective January 1, 2007 (the "Policy"). Tragically, Aflac's obligation to pay death benefits pursuant to the terms of the Policy arose less than one year later when the decedent suddenly passed away. Aflac paid death benefits to the two named beneficiaries: Glenda Biles ("Ms. Biles"), the decedent's mother, and Ken Ashley ("Ashley"), the decedent's roommate and life partner.

In September 2010, Ms. Biles, and the decedent's siblings Beverly Garrett, Patricia Finnan, and Michael Lockwood (collectively "Appellants"), filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, alleging that Aflac should not have paid any portion of the death benefit from the Policy to Ashley. Appellants named Aflac, Ashley, Brendan Hammond ("Hammond"), the Aflac sales associate who sold the policy to the decedent, and the bar and its owners where the decedent was drinking on the night of his death, as defendants. The Appellants' relevant state claims are premised on allegations that Ashley conspired with Hammond to fraudulently obtain the Policy with the intent to end the decedent's life and collect the Policy's death benefits. Appellants further allege that Ashley's actions on the night of the decedent's death caused or contributed to the death of the decedent and, therefore, Aflac should have known that Ashley was prohibited from collecting death benefits on the Policy.

In early November 2010, Aflac sent a letter to Appellants demanding that they submit their claims against Aflac and its agents to arbitration pursuant

2

to the terms of the Policy. On November 17, 2010, after the Appellants refused to comply with Aflac's demand, Aflac filed a Petition to Compel Arbitration in the district court, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, seeking an order that Appellants' claims against Aflac and its agents must be arbitrated.[1]

Aflac moved for summary judgment. Appellants responded in opposition to Aflac's summary judgment motion, contending that Aflac's federal action should be dismissed based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and that the arbitration acknowledgment form was invalid because the signature, purported to be that of the decedent, was a forgery.[2] The only evidence offered in support of Appellants' response was the affidavit of a handwriting expert—Robert Foley ("Foley")—who explained that it was probable that the signature was a forgery. In the response, Appellants also requested discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, explaining that Aflac had failed to make Hammond available for a deposition and that Hammond's deposition was necessary to "fully and completely respond" to Aflac's summary judgment motion. Aflac replied to the Appellants' response by filing supplemental evidence in support of its summary judgment motion and moving to strike Foley's affidavit. Appellants filed a response to Aflac's motion to strike Foley's

---

[1] Aflac also filed a motion to compel arbitration in the state court proceedings in December 2010. In May 2011, the state court judge issued an order explaining that there were "issues regarding the validity of the signatures" on the application and arbitration acknowledgment form. The state court judge ordered the parties to conduct discovery on issues relating to the validity of the signatures and denied Aflac's motion to compel arbitration without prejudice, with permission to re-file the motion upon completion of the discovery. Based on the parties' briefing, no further progress has occurred in the state court proceedings related to the validity of the signature on the arbitration acknowledgment form.

[2] Appellants' theory of the case is that the signature on the application for the Policy, as well as the signature on the arbitration acknowledgment form, are both forgeries completed by Ashley. Aflac notes that if the Appellants' theory were proven, Ms. Biles would not be entitled to any proceeds from the Policy because the Policy itself would be void.

affidavit, and also renewed their motion for Rule 56(d) discovery.

On September 8, 2011, the district court entered its memorandum opinion and order (the "September 8th Order") that, in relevant part: (1) denied Appellants' motion to dismiss based on *Colorado River*; (2) denied Appellants' Rule 56(d) discovery request; and (3) reserved ruling on Aflac's summary judgment motion and motion to strike Foley's affidavit pending a *Daubert* hearing. Shortly thereafter, Appellants filed a motion for reconsideration of the district court's denial of Appellants' Rule 56(d) discovery request. Appellants also filed a motion to strike the affidavit of Aflac's signature expert, William Flynn ("Flynn"). The district court held a *Daubert* hearing focusing on each parties' challenge to the expert affidavits offered by the opposing party relating to whether the signature on the arbitration acknowledgment form was the decedent's or, instead, was a forgery.

On November 3, 2011, the district court entered its memorandum opinion and order (the "November 3rd Order") that: (1) denied Appellants' motion for reconsideration; (2) denied Appellants' motion to strike Flynn's affidavit; (3) granted Aflac's motion to strike Foley's affidavit; and (4) granted Aflac's summary judgment motion. On the same day, the district court also entered an order administratively closing the federal action pending notification by the parties that the arbitration proceedings had been completed. On March 13, 2012, the district court, pursuant to Appellants' motion for certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, entered a final judgment compelling arbitration. Appellants timely filed a notice of appeal.

II.

Appellants first contend that the district court should have abstained under *Colorado River* in deference to the state court proceedings ongoing in Mississippi relating to Aflac's payment of benefits to Ashley. "We apply a two-tiered standard of review in abstention cases. Although we review a district

court's abstention ruling for abuse of discretion, we review *de novo* whether the requirements of a particular abstention doctrine are satisfied." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006) (quotation omitted).

*Colorado River* abstention is appropriate only when the federal and state "suits are parallel, having the same parties and the same issues." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (citation omitted). The federal and state lawsuits in this case are far from parallel. The state action undisputedly involves additional defendants and issues not involved in the federal action, which is limited to the narrow issue of whether arbitration applies to the dispute between Appellants and Aflac and its agents. Although we have noted that it might not be necessary that the parties and issues are absolutely identical in every instance for *Colorado River* abstention to be appropriate, *see Brown*, 462 F.3d at 395 n.7, this case is not an example of the exception to the general rule.

Even if the state and federal cases were sufficiently parallel, *Colorado River* abstention would be inappropriate because exceptional circumstances are not present here. *Colorado River* abstention allows a court to abstain from a case *only* in "exceptional circumstances." *Brown*, 462 F.3d at 394. Courts consider six factors to determine whether "exceptional circumstances" exist:

> (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 395 (citations omitted). Determining whether it is appropriate to dismiss a case under this doctrine "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 16 (1983).

In this case, none of the six factors weigh in favor of abstention. First, neither the state nor federal court assumed jurisdiction over any *res*; therefore, the first factor weighs in favor of exercising federal jurisdiction. *See Stewart*, 438 F.3d at 492 & n.4. Second, because the state and federal courthouses hearing these cases are in the same city, the inconvenience factor weighs in favor of exercising federal jurisdiction. *Id.* at 492 ("When courts are in the same geographic location, the inconvenience factor weighs against abstention." (citation omitted)). Third, any concern of piecemeal litigation here is outweighed by the strong federal policy supporting arbitration. *See, e.g.*, *Brown*, 462 F.3d at 396 ("Allowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with . . . established congressional intent.").

The fourth factor also weighs in favor of exercising federal jurisdiction. Appellants filed their complaint in state court on September 10, 2010, and Aflac filed its federal complaint on November 17, 2010. Significant progress has been made in the federal lawsuit; in fact, the only disputed issue has been fully resolved (pending disposition of this appeal) by the district court's order granting summary judgment, which was entered after the district court considered discovery and ruled on the parties' motions to strike expert testimony after holding a *Daubert* hearing. In the state court proceedings, although the judge concluded that discovery was required to determine whether the disputed signatures were forgeries, no discovery on the disputed issue has been completed to date. Because this federal court proceeding has clearly progressed further than the related state court proceeding, the fourth factor favors federal jurisdiction. *See, e.g.*, *Stewart*, 438 F.3d at 492–93 (explaining that the fourth factor "only favors abstention when the federal case has not proceeding past the filing of the complaint").

The fifth factor weighs in favor of exercising federal jurisdiction because

the only legal issue disputed in the federal lawsuit was whether the Appellants' underlying claims should be submitted to arbitration under 9 U.S.C. § 4—an issue governed by federal law whether it is raised in state or federal court. *See Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1266 (5th Cir. 1994) (citing *Moses H. Cone*, 460 U.S. at 941). Finally, although Aflac fully concedes that the state court is an adequate forum, the sixth factor, by its very nature, does not weigh in favor of abstention. *Stewart*, 438 F.3d at 493 ("The sixth factor is either a neutral factor or one that weighs against abstention." (citation omitted)).

Because the federal and state lawsuits in this case are not parallel and no factor weighs in favor of abstention, we conclude that the district court correctly declined Appellants' invitation to abstain pursuant to *Colorado River*.

III.

Appellants next maintain, without relevant case support, that Aflac's desired relief—an order compelling Appellants to arbitrate their claims against Aflac and its agents and enjoining Appellants from continuing to litigate such claims in state court—is barred under the Anti-Injunction Act. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. An order compelling arbitration, *i.e.*, the district court's order below, is a final decision that qualifies as a "judgment" under the Anti-Injunction Act. *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 714 n.3 (5th Cir. 2002) ("Because an order compelling arbitration entered in an independent proceeding is a final decision, it also qualifies as a 'judgment' under the Anti-Injunction Act."). We have held that a district court has the discretion to issue an order staying a related state court proceeding it has determined must be submitted to arbitration if the district court concludes that it is necessary to protect or effectuate its order compelling arbitration. *Id.*;

*Conseco Fin. Servicing Corp. v. Shinall*, 2002 WL 31319368, at \*7 (5th Cir. Oct. 1, 2002) (unpublished but persuasive); *see also Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002) (explaining that an injunction of state proceedings is necessary to protect the final judgment of a district court on the validity of an arbitration clause).

Accordingly, the district court's order compelling Appellants to arbitrate their claims against Aflac and its agents and enjoining Appellants from continuing to litigate such claims in state court is not barred by the Anti-Injunction Act because it falls within the exception for injunctions necessary to protect or effectuate the district court's prior judgment.

## IV.

Appellants' third contention on appeal is that the district court abused its discretion by denying their timely request for additional discovery to overcome Aflac's summary judgment motion. Initially, there is no dispute that Appellants' Rule 56(d) motion requesting additional discovery was filed before the district court ruled on Aflac's summary judgment motion and placed the district court on notice that Appellants were seeking discovery pertaining to the summary judgment motion. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (listing the three requirements to receive a continuance for additional discovery under Rule 56). The only issue on appeal is whether Appellants demonstrated to the district court with "reasonable specificity" how the requested discovery would influence the outcome of Aflac's pending summary judgment motion. *See id.*

## A.

We review a district court's denial of a Rule 56(d) motion for abuse of discretion. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citation omitted). Rule 56(d) motions for additional discovery are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard

non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id.* (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). Nevertheless, non-moving parties requesting Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." (citations omitted)).

B.

The only disputed fact issue relevant to Aflac's summary judgment motion was whether the decedent's signature on the arbitration acknowledgment form was a forgery. Appellants, both before the district court and now on appeal, explain that deposing Hammond was necessary for them to adequately oppose Aflac's summary judgment motion.[3] The district court, in relevant part, denied Appellants' Rule 56(d) motion, explaining that "it is clear that the [Appellants] have failed to show that discovery is required in order to fully respond to the motion."

---

[3] Appellants' explanation for why Hammond's deposition was necessary fails to specify the facts that could be obtained in a deposition. Rather, the explanation merely focuses on the underlying allegation that Hammond "was involved in the forgery of the signature on the policy of insurance in this case."

Importantly, the critical factual dispute was whether the signature on the arbitration acknowledgment form was a forgery. Accordingly, the question for the district court was whether it was likely that the requested discovery would produce the facts Appellants needed to oppose Aflac's summary judgment motion. *See Washington*, 901 F.2d at 1285. At the time Appellants requested the additional discovery, Hammond had already submitted an affidavit attesting that he witnessed the decedent sign the policy and the arbitration acknowledgment form. Although Appellants were certainly hopeful that Hammond would readily admit in a deposition that he actually forged the signature at issue, the district court reasonably could have concluded that it was not likely that Hammond would admit to perjury and fraud in a deposition.[4] Other than such a direct admission, it is unclear what evidence could have been obtained from deposing Hammond that would have been relevant to the dispositive legal issue, *i.e.*, whether the decedent's signature on the arbitration acknowledgment form was a forgery.[5] Because the burden is on the party requesting additional discovery to show how the potential discovery, if it is obtained, will influence the outcome of the summary judgment motion, the fact that it is unclear what Appellants hoped for beyond a direct admission weighs in favor of the district court's decision.

---

[4] Moreover, additional record evidence, independent of Hammond's affidavit, strongly indicated that the decedent signed the Policy application and arbitration acknowledgment form. Specifically, the decedent's former employer provided an affidavit stating that the decedent informed her of his decision to purchase the Policy and requested that the Policy premiums be paid via a payroll deduction. The employer authorized this request and made payroll deductions to pay the Policy premiums. These statements by the decedent's employer further reduced the likelihood that Hammond would admit that the decedent did not sign the Policy application and arbitration acknowledgment form.

[5] The requested discovery was not relevant to the expert testimony that was the center of the dispute below. Appellants' expert admitted during the *Daubert* hearing that Hammond's deposition was not necessary for him to provide his opinion on whether the signature was a forgery. Therefore, the critical testimony in this case—the expert opinions relating to whether the signature was a forgery—would not have been impacted by Hammond's deposition.

In conclusion, although it might have been appropriate for the district court to allow Appellants to depose Hammond prior to ruling on Aflac's summary judgment motion, the district court's decision to deny the motion was within its discretion. The discovery requested by Appellants was unlikely to result in a direct admission by Hammond that he had committed perjury and fraud and, therefore, would not have influenced the outcome of the summary judgment motion. *See id.*

## V.

Finally, Appellants raise a single challenge to the merits of the district court's grant of summary judgment in favor of Aflac. Specifically, Appellants contend that the district court erred because Ms. Giles's affidavit, which includes her opinion that the signature on the arbitration acknowledgment form was a forgery, is sufficient to create a genuine issue of material fact on the authenticity of the decedent's signature.[6] Based on the limited scope of Appellants' arguments, the only summary-judgment-related question on appeal is whether Ms. Biles's affidavit is sufficient to create a genuine issue of material fact.

## A.

We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (citation omitted). "Summary judgment is proper when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

---

[6] Importantly, Appellants have not briefed and, therefore, have waived any possible challenge to any other aspect of the district court's order, including its decision following the *Daubert* hearing to strike Foley's affidavit because it was unreliable. *See, e.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal." (emphasis in original)).

that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). "Although on summary judgment the record is reviewed *de novo*, this court . . . will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (citation omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Because our review is *de novo*, our analysis is not limited to that employed by the district court, and we "may affirm the district court's decision on any basis presented to the district court." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) (citation omitted).

### B.

Ms. Biles's affidavit, in relevant part, contains her opinion that the "signature on the Acknowledgment of Arbitration Agreement is not David Biles' signature." Ms. Biles's affidavit, however, was not part of the summary judgment record.

Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(3) provides that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). We have explained that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)); *see also Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (concluding that a deposition "was never made part of the competent summary judgment record before the district court" because the party opposing

12

summary judgment "failed to designate, or in any way refer to, the deposition as the source of factual support" for its response to the summary judgment motion).

The record demonstrates that Appellants failed to comply with Rule 56(c) with respect to Ms. Giles's affidavit and, accordingly, the affidavit was never made part of the summary judgment record before the district court. *See, e.g.*, *Kline*, 845 F.2d at 1307. In Appellants' responses to Aflac's summary judgment motions, the only evidence they cited in support of their assertion that the authenticity of the signature was genuinely disputed was Foley's affidavit. After the district court reserved its ruling on Aflac's summary judgment motion[7] and denied Appellants' Rule 56(d) motion for additional discovery in its September 8th Order, Appellants filed a motion to reconsider the district court's denial of their Rule 56(d) motion. The motion to reconsider did not challenge the district court's discussion of the merits of Aflac's summary judgment motion but, instead, only challenged the district court's decision to deny Appellants' request for additional discovery. After Aflac filed a response to Appellants' motion to reconsider, Appellants filed a reply with Ms. Biles's affidavit attached. In the reply itself—which primarily sought additional discovery—Appellants did not explain what purpose Ms. Biles's affidavit served. Appellants failed to file a motion to expand the summary judgment record to include Ms Biles's affidavit.

There is no indication in the record or briefing that Appellants properly brought the affidavit to the district court's attention in accordance with Rule 56. Accordingly, we conclude that Ms. Giles's affidavit was never made part of the summary judgment record before the district court and therefore fails to create

---

[7] The district court concluded that a *Daubert* hearing was necessary to determine if Mr. Foley's expert testimony was reliable. The district court noted in its order that if it concluded that Mr. Foley's testimony was inadmissible under *Daubert*, then it would grant Aflac's summary judgment motion because "defendants have offered no other evidence" that would create a genuine issue of material fact on the forgery issue.

a genuine issue of material fact on the authenticity of the decedent's signature.

## VI.

For the foregoing reasons, we AFFIRM the district court's entry of summary judgment and order compelling arbitration of Appellants' claims against Aflac and its agents.