**Pierre BIEL**

v.

**BEKMUKHAMEDOVA.**

**Civil Action No. 13–5399.**

United States District Court, E.D. Louisiana.

Aug. 29, 2013.

§ 636(b)(1) was amended to extend the period to fourteen days.

Paul Raymond Valteau, Jr., Valteau, Harris, Koenig & Mayer, Raymond T. Waid, Phelps Dunbar, LLP, New Orleans, LA, for Pierre Biel.

Vincent James Booth, Booth & Booth, Kyla L. Rogers, Kyla Rogers Law, LLC, New Orleans, LA, for Bekmukhamedova.

## *ORDER AND REASONS*

JANE TRICHE MILAZZO, District Judge.

■ Plaintiff Pierre Biel filed a petition in this Court under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), T.I.A.S. No. 11760, 19 I.L.M. 1501, seeking the return of his son to Luxembourg. Upon learning of an ongoing custody proceeding, the Court raised the issue of abstention *sua sponte.*[1] Having reviewed the state court proceedings, the arguments of counsel, and the applicable law, the Court finds abstention inappropriate in this case.

---

1. District courts may address the propriety of abstention *sua sponte. Murphy v. Uncle Ben's, Inc.,* 168 F.3d 734, 737 n. 1 (5th Cir. 1999); *Lawrence v. McCarthy,* 344 F.3d 467, 470 (5th Cir.2003).

Accordingly, the Court will adjudicate the petition.

## BACKGROUND

In October 2012, Plaintiff and Defendant Dinara Bekmukhamedova traveled with their son, VPZB, from Luxembourg to the United States. Defendant allegedly promised the family would return to Luxembourg after she obtained a Form I–551 Alien Registration Card (commonly known as a "Green Card"). Defendant subsequently informed Plaintiff that she intended to remain in the United States with VPZB indefinitely.

On March 3, 2013, Plaintiff was allegedly awarded a preliminary Guardianship by a Luxembourg court. Plaintiff subsequently flew to New Orleans—where Defendant had recently moved—and filed a petition in New Orleans civil court on May 1, 2013, to obtain custody of VPZB. The state court held a preliminary hearing on May 8, 2013, and set a trial date of June 14, 2013. The court further ordered that Plaintiff be allowed visitation, that VPZB not be removed from Orleans Parish, and that Defendant surrender VPZB's passport to the court. Upon motion of Plaintiff, the trial was continued until August 14, 2013. Plaintiff filed a second motion to continue on August 8, 2013. Neither the petition nor any of the state court filings mention the Hague Convention or ICARA.

## LAW AND ANALYSIS

The issue before the Court is whether abstention is appropriate in light of the ongoing custody proceeding in state court. Before addressing this issue, the Court first examines the relevant international and domestic law.

### I. *The Hague Convention and ICARA*

The Hague Convention is a multilateral treaty to which both the United States and Luxembourg are signatories. The treaty has two primary objects: (1) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State;" and (2) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention art. I., 19 I.L.M. at 1501. To accomplish these objects, the Hague Convention establishes procedures for the return of a wrongfully removed child to his country of "habitual residence." *See Morrison v. Dietz*, No. 07–1398, 2008 WL 4280030, at *3 (W.D.La. Sept. 17, 2008) (citations omitted). Article 16 provides that "until it has been determined that the child is not to be returned under [the Hague Convention]" the state to which the child has been removed "shall not decide on the merits of rights of custody." Hague Convention art. 16, 19 I.L.M. at 1503. Article 17 provides that "[t]he sole fact that a decision relating to custody has been given in or is entitled to recognition in the [country to which the child has been removed] shall not be a ground for refusing to return a child under [the Hague Convention]." Hague Convention art. 17, 19 I.L.M. at 1503.

The United States implemented the Hague Convention through the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.* ICARA vests federal and state courts with concurrent jurisdiction over claims arising under the Hague Convention. 42 U.S.C. § 11603(a). ICARA does not empower federal courts to adjudicate "the merits of any underlying child custody claims." 42 U.S.C. § 11601(b)(4).

### II. *Abstention*

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water*

*Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citations omitted). The Supreme Court has articulated several abstention doctrines as exceptions to this general rule. Two are relevant to the instant dispute.

### A. Younger *Abstention*

■■■ In *Younger v. Harris,* the Supreme Court articulated a doctrine of abstention when the exercise of federal jurisdiction would interfere with ongoing state criminal proceedings. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The doctrine has since been extended to certain civil proceedings when the state's interest in those proceedings is particularly strong. *Health Net, Inc. v. Wooley,* 534 F.3d 487, 494 (5th Cir.2008). Three requirements must be met before *Younger* abstention is appropriate: (1) the exercise of federal jurisdiction would interfere with an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges. *See Bice v. Louisiana Pub. Defender Bd.,* 677 F.3d 712, 716(5th Cir.2012) (citations omitted). *Younger* abstention is grounded in principles of equity, comity, and federalism. *Younger,* 401 U.S. at 43–44, 91 S.Ct. 746.

The Fifth Circuit has not addressed the propriety of *Younger* abstention in Hague Convention cases where a state custody proceeding is pending. At least one other circuit has addressed this issue and found abstention inappropriate.[2] *See generally Yang v. Tsui,* 416 F.3d 199 (3d Cir.2005).

■■■ The Court first considers whether adjudicating the Hague Convention peti-tion would interfere with the ongoing state custody proceeding. Had either party raised the Hague Convention claims in state court, any subsequent ruling by this Court would likely constitute interference. *Yang,* 416 F.3d at 203. *See, e.g., Cerit v. Cerit,* 188 F.Supp.2d 1239, 1247–48 (D.Haw.2002) (finding *Younger* abstention appropriate where petitioner previously raised Hague Convention claim in state court). On the other hand, "if the state court in a custody proceeding does not have a Hague Convention claim before it, an adjudication of such a claim by the federal court would not constitute interference." *Yang,* 416 F.3d at 203. Because there is no Hague Convention claim pending in state court, the exercise of federal jurisdiction would not accomplish the kind of interference that *Younger* and its progeny sought to prevent.

This conclusion is underscored by the difference in subject matter between a custody proceeding and the adjudication of a Hague Convention claim. Whereas child custody proceedings focus on the best interests of the child and require the application of domestic law, Hague Convention claims focus on findings of whether the child was wrongfully removed from a foreign state. *See id.* These are distinct determinations that need not be made by the same court. *Id.*

The statutory language of the Hague Convention also suggests that the first prong of *Younger* is not met. Article 16 requires a state court to stay custody proceedings pending the outcome of Hague Convention claims. Hague Convention art. 16, 19 I.L.M. at 503. Accordingly, if proceedings are going forward in both state and federal court, it is "the custody determination, not the Hague Convention

---

2. The Court also notes the Eighth Circuit's position that abstention is *per se* unavailable in Hague Convention proceedings. *See Silver-man v. Silverman,* 338 F.3d 886, 891 (8th Cir.2003) (citation omitted).

Petition, [that] should be held in abeyance." *Yang,* 416 F.3d at 203; *accord Barzilay v. Barzilay,* 536 F.3d 844, 850 (8th Cir.2008). Likewise, if a Hague Convention claim is raised in a state court action separate from that in which the child custody proceeding originated, the latter proceeding must be stayed. Therefore, it is the statutory scheme, not the exercise of federal jurisdiction *per se,* which interferes with the ongoing state court proceeding.

■■■ Assuming *arguendo* the first prong of *Younger* is met—an extremely dubious proposition given the foregoing—the Court next inquires whether the state court proceedings implicate important state interests. In the context of civil proceedings, a state's interests are sufficiently important if adjudication in federal court "would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (citation omitted). While "a state plainly has an interest in the outcome of a child custody dispute adjudicated in its courts," the state's "resolution of a custody battle is not so bound up with [its] sovereign functions as to be 'important' in the comity-related sense in which the *Younger* cases use the term." *Grieve v. Tamerin,* 269 F.3d 149, 152–53 (2d Cir.2001). Moreover, in Hague Convention cases such as this one, state interests are counterbalanced by the strong federal interest in fulfilling treaty obligations.[3]

**3.** *Cf. Edye v. Robertson,* 112 U.S. 580, 598, 5 S.Ct. 247, 28 L.Ed. 798 (1884) (noting that enforcement of a treaty depends "on the interest and the honor of the governments which are parties to it" and that breach of treaty "becomes the subject of international negotiations and reclamations"); *United States v. City of Glen Cove, Long Island, New York,* 322 F.Supp. 149, 153 (E.D.N.Y.1971) ("The national government has a vital interest

■■■ The third *Younger* prong is whether the state proceedings afford an adequate opportunity to raise federal claims. Given the grant of concurrent jurisdiction in ICARA, it is clear that a plaintiff may raise Hague Convention claims in state court. Yet Plaintiff herein chose not to do so. Requiring abstention whenever a custody proceeding is filed in state court would deny a plaintiff the statutory right to a federal forum for his Hague Convention claims—claims which both the treaty and ICARA recognize as separate and distinct from child custody determination s.[4] *See* Hague Convention art. 19, 19 I.L.M. at 1503 ("A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue."); 42 U.S.C. § 11601(b)(4) ("The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims."). *See also Yang,* 416 F.3d at 204; *Karpenko v. Leendertz,* 619 F.3d 259, 262 n. 1 (3d Cir.2010).

### B. Colorado River *Abstention*

■■■ "The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650 (5th Cir.2000). The threshold inquiry is whether the state and federal proceedings are parallel. *Am. Guarantee & Liab. Ins. Co.*

in the conduct of foreign affairs and the fulfillment of treaty obligations.").

**4.** *Cf. Holder v. Holder,* 305 F.3d 854, 865 (9th Cir.2002) ("It would also undermine the very scheme created by the Hague Convention and ICARA to hold that a Hague Convention claim is barred by a state court custody determination, simply because a petitioner did not raise his *Hague Convention* claim in the initial custody proceeding.") (emphasis in original).

*v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir.2005). Suits are parallel when they involve the same parties and the same issues. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir.2006). "The requirement of 'parallel' state court proceedings implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for *all* of the parties' claims." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n. 4 (9th Cir.1993) (emphasis added) (citation omitted).

■ As explained *supra*, the issues relevant to the adjudication of a Hague Convention claim are distinct from those involved in custody proceedings. A decision in the custody proceeding will not resolve the Hague Convention petition pending before this Court. Accordingly, the state and federal proceedings are not sufficiently parallel to justify abstention under *Colorado River*. At least two other circuit courts have declined to abstain under *Colorado River* in similar circumstances. *See, e.g., Holder v. Holder*, 305 F.3d 854, 868–70 (9th Cir.2002); *Yang*, 416 F.3d at 204 n. 5. Plaintiff's decision not to raise his Hague Convention claims in the earlier-filed state court proceeding distinguishes this case from others in which courts have abstained. *See, e.g., Copeland v. Copeland*, 134 F.3d 362 (4th Cir.1998) (unpublished) (affirming abstention under *Colorado River*); *Cerit*, 188 F.Supp.2d 1239 (abstaining under *Colorado River* and *Younger*); *accord Holder*, 305 F.3d 854.

■ Even if the state and federal cases were sufficiently parallel, this case lacks the "exceptional circumstances" necessary to justify abstention under *Colorado River*. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Courts consider six factors to determine whether abstention is appropriate:

(1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 462 (5th Cir.2012) (citation omitted). In weighing these factors, the balance is skewed "heavily" in favor of exercising jurisdiction. *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927.

■ None of the enumerated factors weigh in favor of abstention. Neither the state court nor this Court have assumed jurisdiction over a *res*. This factor supports the exercise of federal jurisdiction. *See Stewart*, 438 F.3d at 492 (citation omitted).

Both the state courthouse and this Court are located in New Orleans, Louisiana. "When courts are in the same geographic location, the inconvenience factor weighs against abstention." *Id.* (citation omitted).

The primary concern of the third factor is the avoidance of inconsistent rulings with respect to a piece of property. *Black Sea*, 204 F.3d at 651. Where, as here, no court has assumed jurisdiction over a disputed *res*, this factor weighs in favor of adjudication. *Id.*

Under the fourth factor, the Court compares the progress made in both actions. *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. 927. No substantive proceedings have taken place in state court, nor does the record reflect that any discovery has taken

place. Trial has been continued once and a second motion to continue is currently pending.[5] Although the Hague Convention petition was filed in this Court approximately two weeks ago, some progress has been made. The Court has held a status conference, set a merits hearing for the petition on September 9, 2013, and the parties have filed abstention memoranda. At the very least, the state and federal court suits are proceeding at approximately the same pace, which weighs against abstention.[6] *See Black Sea,* 204 F.3d at 651.

The fifth factor militates in favor of exercising jurisdiction, because federal law provides the rule of decision in the case *sub judice. See Lops v. Lops,* 140 F.3d 927, 943 (11th Cir.1998); *Holder,* 305 F.3d at 871.

The sixth factor—whether the plaintiff's rights are adequately protected in the state court proceeding—is either a neutral factor or one that weighs against abstention. *Stewart,* 438 F.3d at 493. This factor weighs against abstention, because the state court proceedings will not reach the issues that must be decided to obtain relief under the Hague Convention. *See Holder,* 305 F.3d at 871 (citation omitted).

## CONCLUSION

For the reasons previously stated, abstention is inappropriate in this case. Accordingly, the Court will adjudicate the Hague Convention petition.

---

**5.** Plaintiff alleges the state court proceeding has been continued twice. The record provided by the parties, however, reflects that the second motion to continue is still pending.

**6.** In the alternative, abstention is inappropriate under this factor, because the federal case has progressed past the filing of the complaint. *See Stewart,* 438 F.3d at 492–93.