## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10478

NATIONAL CASUALTY COMPANY,

Plaintiff - Appellant

v.

ALICE GONZALEZ, doing business as A & J Transport,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-226

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:*

In this diversity action, plaintiff National Casualty Company ("National Casualty") seeks a declaratory judgment regarding an insurance coverage dispute. Defendant Alice Gonzalez, d/b/a A&J Transport ("A&J Transport") agrees that the insurance policy does not provide coverage and argues that it *thought* it had and *should* have had coverage. Accordingly, in a separate state court action, A&J Transport seeks to hold its insurance agent, All Quote

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10478

Insurance ("All Quote"), its insurance broker, U.S. Risk Insurance, Inc. ("U.S. Risk"), and National Casualty liable for this lack of coverage. Neither All Quote nor U.S. Risk are parties to this federal litigation, and the district court dismissed the action upon a finding that they are required and indispensable parties whose joinder would destroy diversity. The district court also found *Colorado River* abstention proper. National Casualty timely appealed, and we now vacate the judgment and render judgment in favor of National Casualty.

## I.

National Casualty issued a commercial automobile policy (the "Policy") to A&J Transport. The Policy covered one tractor/trailer and had a hundred-mile radius of operation. The insured tractor/trailer was involved in an automobile accident approximately 190 miles from A&J Transport's base of operation—well outside the Policy's area of coverage. Accordingly, National Casualty rejected A&J Transport's coverage claim.

National Casualty later filed this action in federal court seeking a declaration that the Policy does not cover the accident. A&J Transport denies neither the language of the Policy nor the location of the accident. Rather, it claims that, a few months prior to the accident, it inquired through All Quote about increasing its covered radius of operations to 300 miles. And, based on alleged representations from All Quote and an alleged increased premium, A&J Transport claims it operated under the belief that it had acquired this increased coverage.

Three days after this action was filed, A&J Transport filed suit in a Texas state court seeking declaratory judgment and asserting claims of negligence, breach of contract, breach of duty of good faith and fair dealing, and breach of trust and agreement to provide insurance coverage. In addition to suing National Casualty and All Quote, A&J Transport also named U.S. Risk as a defendant.

No. 15-10478

In federal court, A&J Transport moved to dismiss, arguing that All Quote and U.S. Risk are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure ("Rule 19") and that they destroyed complete diversity because, like A&J Transport, All Quote and U.S. Risk are Texas citizens. The district court denied the motion.

National Casualty eventually moved for summary judgment. Upon reviewing the motion and opposition, the district court *sua sponte* reversed its earlier decision and granted A&J Transport's motion to dismiss. Without the benefit of briefing, the district court also ruled it "should abstain from exercising jurisdiction under" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236 (1976). After filing an unsuccessful motion to reconsider, National Casualty timely appealed.

## II.

"[A] district court's decision to dismiss for failure to join an indispensable party is properly reviewed under an abuse-of-discretion standard." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). "[A]n erroneous view of the law" necessarily constitutes an abuse of discretion. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

"Although we review a district court's abstention ruling for abuse of discretion, we review *de novo* whether the requirements of a particular abstention doctrine are satisfied." *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 652 (5th Cir. 2002).

## III.

### A.

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." "Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood*, 570 F.3d at

3

628. "Rule 19(a) provides a framework for deciding whether a given person should be joined," and "Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster*, 784 F.2d at 1309. "If the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629. "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood*, 570 F.3d at 628 (quoting *Pulitzer-Polster*, 784 F.2d at 1309)).

We deal here with parties whose joinder would destroy diversity jurisdiction. Accordingly, if All Quote and U.S. Risk are required parties under Rule 19(a), we must determine whether they are indispensable parties under Rule 19(b). The district court found both subsections of Rule 19 satisfied and so dismissed the case. We find, however, that "the threshold requirements of Rule 19(a) have not been satisfied," meaning "no inquiry under Rule 19(b) is necessary." *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 316 (1990)

The district court ruled that the "declaratory judgment action is inextricably intertwined with [A&J Transport's state court] claims against All Quote and U.S. Risk," and that "[a]ny decision made by this Court about [National Casualty's] liability will determine the outcome of the underlying state court litigation." Given "that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit," the Supreme Court has already held that concurrent "separate litigations" with "overlap[ping]" claims is not enough to satisfy Rule 19(a). *Temple*, 498 U.S. at 7–8, 111 S. Ct. at 316. As the state court action demonstrates, A&J Transport perceives National Casualty, All Quote, and U.S. Risk to be joint tortfeasors. That does not make

4

No. 15-10478

them required parties.  *See* Rule 19(a)(1) (identifying specific criteria of required parties).  As a matter of law, the District Court erred by finding All Quote and U.S. Risk to be required parties under Rule 19(a)(1).[1]

### B.

In the alternative, the district court found it proper to dismiss the case pursuant to the *Colorado River* abstention doctrine.  This, too, was error.

> [T]he Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

Here, the district court "found factors one, two, and four to be neutral, and factors three, five, and six weighing in favor of abstention."  Based on this tally, it abstained from exercising jurisdiction.  Unfortunately, the district court incorrectly assessed every factor and failed to properly weight the balance heavily in favor of exercising jurisdiction.

### (1)     Assumption by either court of jurisdiction over a res.

Here, there is no res.  Contrary to the understanding of the district court and the parties, this factor is not "neutral."  "[T]he absence of this first factor weighs against abstention."  *Murphy*, 168 F.3d at 738.

---

[1] We have reviewed A&J Transport's alternative arguments and found they lack the merit to warrant discussion.

No. 15-10478

**(2)     The relative inconvenience of the forums.**

The parties and district court all consider this factor "neutral" because the federal and state courts are equally convenient.  This is incorrect.  *See id.*  The inapplicability of the second factor weighs against abstention.

**(3)     The avoidance of piecemeal litigation.**

The district court found abstention would "avoid piecemeal litigation." The district court failed to recognize, however, that this factor is less important where, as here, the "case does not involve jurisdiction over a res or property" and "there is no danger of inconsistent rulings affecting property ownership." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988).  Because the "real concern at the heart of the third *Colorado River* factor" is not implicated here, the factor weighs only lightly in favor of abstention.  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000).

**(4)     The order in which jurisdiction was obtained by the concurrent forums.**

The district court found the fourth factor "neutral" based on its conclusion that the federal action, filed just days before the state action, was timed to "beat [A&J Transport] to the punch."  The finding is inconsistent with published decisions, including a decision of the Supreme Court.

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, the Supreme Court explained that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  460 U.S. 1, 21, 103 S. Ct. 927, 940 (1983).  The Court confronted a "state-court suit in which no substantial proceedings . . . had taken place at the time of the decision" and a federal action where, "by contrast, the parties had taken most of the steps necessary to a resolution."  *Id.* at 22, 103 S. Ct. at 940.  "In realistic terms, the federal suit was running well

6

ahead of the state suit at the very time that the District Court decided to refuse to adjudicate the case." *Id.*

Here, the federal action has proceeded to summary judgment, and the district court was capable of finally adjudicating the matter.  Meanwhile, despite bearing the burden of showing abstention to be proper, A&J Transport has put nothing in the record showing the relative progress of the state court action.  According to National Casualty's reply brief, the "state court action has involved little more than an original petition, answers, and a stay of proceedings."  This case is just like *Moses H. Cone*, and the fourth factor weighs strongly against abstention.  *See Stewart v. W. Heritage Insurance Co.*, 438 F.3d 488, 493 (5th Cir. 2006) (Where the federal "case has clearly progressed further . . . this factor favors federal jurisdiction.").

**(5)    Whether and to what extent federal law provides the rules of decision on the merits.**

The district court found the fifth factor to favor abstention because "all of the claims brought in both lawsuits are state-law claims."  This reasoning again runs contrary to Supreme Court and Fifth Circuit authority.  "The absence of a federal-law issue does not counsel in favor of abstention." *Evanston Ins. Co.*, 844 F.2d at 1193.  "[O]ur task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction."  *Moses H. Cone*, 460 U.S. at 25–26, 103 S. Ct. at 942.  This is a simple diversity action involving routine matters of state law, and A&J Transport "has failed to show that 'rare circumstances' exist."  *Stewart*, 438 F.3d at 493.  "Therefore, this factor is 'at most neutral.'"  *Id.* (quoting *Black Sea Inv.*, 204 F.3d at 651).

No. 15-10478

**(6)    The adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction.**

The district court found the sixth factor to favor abstention because the adequacy of the state court forum is not in doubt.  This is wrong.  The final factor recognizes that it would be "a serious abuse of discretion" to abstain under *Colorado River* where there is "substantial doubt" as to the state forum's adequacy.  *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct at 943.  Accordingly, it "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co.*, 844 F.2d at 1193.  Here, this factor is neutral.

### IV.

The district court wrongly dismissed this under Rules 12(b)(7) and 19.  It further erred in assessing the *Colorado River* factors.  "Although the instant case does involve concurrent state and federal litigation, the *Colorado River* doctrine is not the only basis on which the district court could have considered abstention." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).  "Under settled Fifth Circuit law, a declaratory judgment action may be dismissed even though it fails to satisfy the stringent *Colorado River/Moses Cone* 'exceptional circumstances' test." *Id.*  Indeed, "[a]s a general matter, a district court's discretionary, nonmerits based dismissal of a declaratory judgment action cannot be successfully challenged merely because it does not satisfy *Colorado River* abstention." *Id.* at 590 n.6.

"The seven *Trejo* factors that must be considered *on the record* before a discretionary, nonmerits dismissal of a declaratory judgment action" include "'whether retaining the lawsuit in federal court would serve the purposes of judicial economy.'" *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001) (quoting *Trejo*, 39 F.3d at 590–91).  While, on this record, assessment of most of the *Trejo* factors would be guesswork, we will not remand for a determination of whether discretionary dismissal is proper under

the Declaratory Judgment Act. Considerations of judicial economy are dispositive under the present circumstances; the case is ready for resolution and there is no genuine dispute about the scope of coverage under the Policy.

A&J Transport did not oppose National Casualty's motion for summary judgment. Rather, it conceded that the accident took place outside the coverage area and "request[ed the district] court to grant [National Casualty's] motion for summary judgment as to the policy of insurance radius of operation at one-hundred (100) miles . . . ." There is no reason to delay this ruling. Because the accident "is not covered by the terms of insuring agreement," we render judgment in National Casualty's favor. *See Audubon Ins. Co. v. Terry Rd. Wine & Liquor, Inc.*, 68 F.3d 469 (5th Cir. 1995) (per curiam) (unpublished).

The judgment of the district court is therefore VACATED, and summary judgment is RENDERED in favor of National Casualty.