PS5-024                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4049
_____

ROBERT MCCANN,
                                            Appellant

v.

KENNEDY UNIVERSITY HOSPITAL, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-12-cv-01535)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014

Before: CHAGARES, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: December 19, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Robert McCann appeals from an order of the District Court granting summary judgment to Kennedy University Hospital. For the reasons that follow, we will affirm.

McCann filed suit pro se in the United States District Court for the District of New Jersey, alleging violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a), by the hospital's emergency room staff on December 21 and December, 22, 2011. In a one-paragraph complaint, McCann stated that he came to the hospital in severe pain, at approximately 11:00 p.m., but because he was uninsured, treatment was refused, and/or significantly delayed. In his complaint he stated that he was "in excruciating pain" and was left "lying on the floor," where "staff walked over him without offering any assistance." McCann sought money damages in the amount of $450,000. After the hospital answered the complaint and denied the allegations, discovery ensued. McCann was deposed, and eventually the hospital complied with McCann's discovery requests. Specifically, the hospital provided McCann with copies of emergency room medical records from his treatment on both December 21 and December 22. Although the records indicated that McCann spent the night in the emergency room before finally being discharged, nothing in those records indicated that he had been left lying on the floor of the emergency room.

As discovery progressed further, McCann filed a motion for sanctions due to the hospital's delay in providing him discovery and a motion for the alleged spoliation of emergency room videotape recordings from December 21 and December 22. In response to a discovery request, counsel for the hospital had advised McCann that the videotape

2

recordings from the dates of his visit to the emergency room no longer existed because as a general practice they are recorded over every 21 days due to limited hard drive space. McCann argued in his spoliation motion that the hospital should have known that the videotape recordings were discoverable material evidence and should have sought to preserve them. The hospital responded to McCann's motion by arguing that it had no duty to preserve the videotape recordings because it did not know about McCann's complaints until it was contacted by the state Department of Health in March 2012, by which time they had been recorded over.

The Magistrate Judge to whom the case was referred, see 28 U.S.C. § 636(b)(1)(A), granted McCann's request for money sanctions for the discovery delay and awarded him $406.25, commenting that "[t]his case should have been straightforward litigation but it has become unduly complicated and drawn out, primarily due to … [the hospital's] disproportional discovery requests, its failure to timely produce relevant discovery, and its practice of producing discovery in dribs and drabs." See Magistrate Judge's Order, 1/23/14, Docket Entry No. 95. The Magistrate Judge noted that McCann had argued that he put the hospital on notice of his intent to sue almost immediately after his visit to the emergency room, and that the hospital, although initially denying that it had notice, eventually produced in discovery a copy of the email McCann sent to the hospital on December 23, 2011, and also eventually produced several emails that hospital personnel had exchanged among themselves referring to McCann's December 23 email.

In an order filed on January 24, 2014, the Magistrate Judge denied McCann's motion for sanctions due to spoliation of the emergency room videotape recordings. The

3

Magistrate Judge acknowledged the potential relevance of the recordings, but noted that the hospital's duty was limited to preserving what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation. In McCann's case, and based on his December 23 email, it was not unreasonable for the hospital to believe that he intended to sue based on the care he was provided in his treatment room which he believed was inferior to that which would have been provided to someone with insurance.[1] The Magistrate Judge reasoned that videotape recordings of the emergency room lobby were not relevant to this particular complaint. See McCann v. Kennedy University Hosp., Inc., 2014 WL 282693, at *6 (D.N.J. January 24, 2014) ("While it is clear that plaintiff's December 23, 2011 email triggered defendant's duty to preserve relevant evidence concerning [his] claims for substandard medical care, … prior to the January 11/12, 2012 tape-over of the emergency room tapes, it was not reasonably foreseeable that the videotapes would be requested in connection with the claims raised in plaintiff's email … due to the fact that the focus of [the] litigation threat was … his medical treatment … [and] not what happened in the emergency room lobby.").[2] The Magistrate Judge also concluded that there was no evidence of bad faith on the hospital's part. See id. at *7. After the Magistrate Judge denied McCann's motion for reconsideration, he appealed to this Court, see C.A. No. 14-2968. We dismissed the appeal as jurisdictionally defective because the order was not final for purposes of 28

[1] This email stated in pertinent part: "This correspondence shall serve as my notification of my intent to sue your hospital, Dr. Constantine Tsgratos and Nurse Diana Hollop for discrimination and their unfair and inhumane treatment of me while in your hospital, and for pain and suffering."

[2] Due to privacy concerns, there are, of course, no cameras in the treatment rooms.

4

U.S.C. § 1291. We also noted that McCann did not first seek the District Court's review of the orders. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). After we dismissed his appeal as jurisdictionally defective, McCann did not seek review of these discovery orders from the District Court. McCann did request that the Magistrate Judge recuse himself. The Magistrate Judge declined this request and McCann did not appeal to the District Court.

At the close of discovery, the hospital moved for summary judgment. McCann submitted written opposition to the motion. The District Court then awarded summary judgment to the hospital in an order entered on September 11, 2014. The District Court noted that relief under EMTALA is limited; it does not create a federal cause of action for malpractice, and, thus, if there was no genuine dispute over a material fact concerning whether the hospital provided McCann with appropriate medical screening to determine whether he presented with an emergency medical condition, then summary judgment for the hospital was warranted. The District Court found that the summary judgment evidence established that McCann, who ultimately was diagnosed with and treated for a perianal abscess, was screened in accordance with the hospital's regular procedures and was treated no differently than any other patient in the hospital's emergency room who presented with similar complaints.

McCann appeals. We have jurisdiction under 28 U.S.C. § 1291. In his Informal Brief, McCann argues that the District Court incorrectly decided the facts of his case by ignoring that the hospital destroyed critical evidence (the videotape recordings) that

5

would have supported his claims; ignoring the state Department of Health's citation of wrongdoing, and awarding him only $401.00 in sanctions when the hospital improperly delayed discovery. See Informal Brief, at ¶ 5. McCann also contended that the Magistrate Judge was biased in favor of the hospital and thus should have recused himself.

We will affirm. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007).

EMTALA governs the examination and treatment for emergency medical conditions and requires a hospital with an emergency department to perform, to the extent of its capability, a medical screening examination of any individual who comes to the emergency department to determine whether or not the individual presents an "emergency medical condition." 42 U.S.C. § 1395dd(a). An "emergency medical condition" manifests itself "by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in: (i) placing the health of the individual…in serious jeopardy; (ii) serious

6

impairment to bodily functions; or (iii) serious dysfunction of any bodily organ or part."

Id. at § 1395dd(e)(1)(A)(i)-(iii). Under EMTALA, a hospital is prohibited from delaying an appropriate medical screening in order to inquire about an individual's insurance status, see id. at § 1395dd(h). The statute requires hospitals to provide medical screening and stabilizing treatment to individuals seeking emergency care for emergency medical conditions without regard to the patient's insurance status. See Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 173 (3d Cir. 2009) (EMTALA prohibits the practice known as "patient dumping"). It provides monetary penalties as a means of enforcement, see id. at § 1395dd(d)(1)(A), and "[l]iability is determined independently of whether any deficiencies in the screening or treatment provided by the hospital may be actionable as negligence or malpractice." Torretti, 580 F.3d at 174.

The hospital, through the medical records, established that McCann presented at the emergency room at 10:32 p.m. on December 21, 2011, and was seen 14 minutes later at 10:46 p.m. by a triage nurse. The triage notes indicate that McCann complained of rectal bleeding which began one week prior. McCann also complained that he injured his right knee the previous Wednesday while at a casino. At 10:49 p.m., three minutes after his triage evaluation, another nurse completed a head-to-toe assessment, noting that McCann described intermittent aching in his lower back, which he rated as "6" out of "10" on a pain scale, as well as rectal bleeding and pain from his buttocks to his lower back. He also complained of pain in his right knee. At 12:08 a.m. on December 22, 2011, a nurse noted that McCann was at the entrance of the emergency room fully clothed. He was angry because of the delay in treatment. Twenty-four minutes later, at

7

12:34 a.m., McCann was readmitted with the same complaints. At 12:44 a.m., a triage nurse again recorded his vital signs. This nurse noted that McCann complained of severe hemorrhoid pain, and also right knee pain from a slot machine falling on his knee three days prior. At 1:39 a.m., an x-ray of McCann's knee was completed, which showed no acute injury. At 3:26 a.m., McCann was examined by Dr. Costandinos Tsagaratos, who treated him for an anal fissure. Dr. Tsagaratos notified the attending physician, Dr. Karen D. Sobers–Brown, about McCann's condition and she eventually treated McCann for a perianal abscess. She noted "purulent drainage" and she "expressed the remaining contents" of the abscess and applied saline to the area, after which McCann felt better. She prescribed pain medication and antibiotics. Shortly thereafter, McCann was discharged around 7:00 a.m. on December 22, 2011 in stable condition.

The District Court concluded, and we agree, that all of this care amply demonstrated for summary judgment purposes that the hospital's screening examination was not so cursory that it would fail "to identify acute and severe symptoms that alert the physician of the need for immediate medical attention to prevent serious bodily injury." Jackson v. East Bay Hosp., 246 F.3d 1248, 1256 (9th Cir. 2001). The uncontradicted evidence in the record supports the District Court's determination that there was no genuine issue for trial with respect to whether the emergency room staff provided an appropriate medical screening to determine whether McCann was experiencing an emergency medical condition, and whether they then supplied stabilizing medical treatment. Importantly, McCann did not argue or show that his perianal abscess was an "emergency medical condition." See 42 U.S.C. § 1395dd(e)(1)(A).

8

Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. McCann did not present any evidence that the screening procedures applied to him were substandard and/or applied in a manner that discriminated against him on the basis of his self-pay status. In his Informal Brief, he contends that the District Court failed to consider a state Department of Health document in awarding summary judgment to the hospital that, in his view, establishes a violation of EMTALA. The District Court noted McCann's reference to this document and his assertion that it was "in the possession of the court." McCann v. Kennedy University Hosp., Inc., 2014 WL 4541534, at *1 n.1 (D.N.J. September 11, 2014). The District Court went on to hold that the rules of civil procedure require the opponent of a motion for summary judgment to cite evidence in the record in support of his argument, and that McCann's mere reference to the Department of Health document was insufficient to satisfy the rules of civil procedure. See id. ("The Court is not required to sift through Plaintiff's previous filings to identify these documents, which may or may not exist, where Plaintiff has provided no citations to facts that would be admissible in evidence, as required by Rule 56(c), Fed.R.Civ.P.").

We cannot agree with McCann that the District Court erred in declining to consider the state Department of Health document under the circumstances presented here. Rule 56(c)(1)(A) provides that "[a] party asserting that a fact … is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

9

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. Pro. 56(c)(1)(A). The rule specifically provides that, if these materials are not cited, the court "may" but "need not" consider them. Fed. R. Civ. Pro. 56(c)(3). McCann did not attach the state Board of Health document to his opposition to the hospital's motion for summary judgment, see Docket Entry Nos. 94, 98, nor did he cite to an item in the record where it could be found. District Courts are not required to search through the record for evidence to support a party's assertion of the existence of a genuine issue of material fact. See American Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 896 (5th Cir. 2013) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."). We note that, in this case, McCann attached the Department of Health document to his original opposition to the hospital's motion for summary judgment, see Docket Entry No. 70-2. Unfortunately, the hospital withdrew its original motion for summary judgment because it was filed before the close of discovery, and when the hospital refiled the motion, instead of relying on his original opposition, McCann filed new opposition, see Docket Entry Nos. 94, 98, and omitted the document. Accordingly, the District Court correctly concluded that the document was never made part of the summary judgment record and thus it cannot demonstrate the existence of a genuine issue for trial, see American Family Life Assur. Co., 714 F.3d at 897.[3]

---

[3] In any event, we doubt that the document would have persuaded the District Court that there was a genuine factual dispute concerning whether EMTALA had been violated.

10

We also reject as unpersuasive McCann's argument that the District Court ignored that the hospital destroyed critical evidence – the emergency room videotape recordings -- that would have supported his claim. Here, pursuant to 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge was authorized to decide nondispositive pretrial matters finally. McCann's motion for sanctions due to spoliation of the emergency room videotape recordings was a nondispositive pretrial matter. Pursuant to Federal Rule of Civil Procedure 72(a), a party opposed to a magistrate judge's order may serve and file objections to the order within 14 days of service of the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a). The spoliation motion was denied by the Magistrate Judge, and McCann did not appeal this order to the District Court. The matter of the emergency room videotape recordings was thus not properly before the District Court, and the evidence itself, which no longer existed, obviously was not part of the summary judgment record. Accordingly, the District Court did not err in "ignoring" that the hospital did not preserve the emergency room videotape recordings from December 21 and December 22 in awarding summary judgment to the hospital. Cf.

According to this report, the Department of Health apparently concluded that McCann's right to "expect and receive appropriate assessment, management and treatment of pain," as provided for in N.J. Admin. Code § 8:43G-4.1(31) (patient rights enumerated), was violated in part because he did not receive morphine sulfate for his perianal abscess pain until 6:55 a.m. on December 22. The issue, however, was not whether the state patient bill of rights was violated; rather, the issue under the federal EMTALA statute was whether McCann, who ultimately was diagnosed with and treated for a perianal abscess, was screened in accordance with the hospital's regular procedures to determine whether or not he presented with an "emergency medical condition," and treated the same as every other patient in the hospital's emergency room, including those with health insurance, who presented with similar complaints.

11

Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250-51 (3d Cir. 1998) (party failing to appeal to district court magistrate judge's order in nondispositive matter may not raise objection to it on appeal to circuit court).[4]

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of the hospital and against McCann.

---

[4] For similar reasons, we also decline to review the Magistrate Judge's order awarding McCann "only" $401 in sanctions for the hospital's discovery abuses, and the order denying McCann's motion to recuse the Magistrate Judge.