**Corrected January 9, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60389
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 6, 2017

Lyle W. Cayce
Clerk

TERESA MILLER,

      Plaintiff - Appellant

v.

WHIRLPOOL CORPORATION; A & E FACTORY SERVICES;
SIEMENS CORPORATION,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-747

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

    A fire destroyed a mobile home and personal property owned by plaintiff-appellant Teresa Miller. Miller claims that the fire began when a subcontractor, A & E Factory Services, attempted to repair her broken Whirlpool dryer, during the course of which a breaker box allegedly designed

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or manufactured by Siemens Corporation blew. Armed with these allegations, Miller sued defendants-appellees A & E Factory Services, Whirlpool Corporation, and Siemens Corporation. The district court granted summary judgment in favor of all defendants. We **AFFIRM**.

The district court disposed of the claims against each defendant in separate orders. First, as to Siemens Corporation, Siemens had filed a motion to strike Miller's proffered expert report because it did not opine that the breaker box was defective or that the breaker box caused the fire. Siemens had also filed a motion for summary judgment, arguing that it did not design or manufacture the breaker box. The district court, finding that the expert report was speculative and inadmissible, granted the motion to strike. In addition, the district court granted summary judgment because Miller did not show that Siemens Corporation was the designer or manufacturer of the breaker box or was responsible for the fire. The district court therefore dismissed Siemens Corporation.

Second, Whirlpool moved for summary judgment, arguing that it was not liable for the acts of its independent contractor, A & E, and there was no proof that the Whirlpool dryer caused or contributed to the fire. The district court granted the motion because Miller's expert report did not say Whirlpool was responsible and, under Mississippi law, Whirlpool was not vicariously liable for A & E. The district court therefore dismissed Whirlpool as well.

Third, A & E had moved to strike Miller's expert report and for summary judgment. After Miller did not respond to the motions for over nine months, the district court ordered Miller to show cause for her failure to respond. When Miller still did not respond, the district court granted both motions and dismissed Miller's claims against A & E for failure to prosecute.

In the meantime, Miller filed Rule 56(d) motions, requesting further discovery in response to Siemens's and Whirlpool's motions, which the district

court denied. On appeal, she asserts only that the district court erroneously denied her request for further discovery. She claims that she was unable to fully inspect the breaker box and consequently was not able to determine the exact cause of the fire.

This court reviews a district court's denial of a Rule 56(d) motion for abuse of discretion. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). "Non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (internal citation omitted).

We find no abuse of discretion. Miller raises no new arguments and offers no reason to find an abuse of discretion. Moreover, even if the court had allowed further discovery, Miller's claims against defendants would fail for the reasons briefed in this court by the defendants. With regard to Siemens, Miller's expert report does not indicate that further inspection would have revealed that Siemens manufactured the breaker box. With regard to Whirlpool, Miller does not allege that the Whirlpool dryer was defective, nor does Miller contest that A & E is an independent contractor for whom Whirlpool has no vicarious liability. *See, e.g.*, *Chisolm v. Miss. Dep't of Transp.*, 942 So. 2d 136, 141 (Miss. 2006). Granting Miller's request for additional discovery would therefore not affect the outcome of this action. The district court did not abuse its discretion in denying Miller's Rule 56(d) motion.

Miller raises the same Rule 56(d) arguments against A & E, but she never filed a Rule 56(d) motion in response to A & E's motions. In fact, she filed no responses to A & E's motions. Moreover, on appeal, she has not challenged the district court's order granting both motions and dismissal for failure to prosecute. It is well settled that "[a]ny issue not raised in an appellant's opening brief is deemed waived." *United States v. Pompa*, 434 F.3d 800, 806 (5th Cir. 2005). Miller waived this issue.

The judgments of the district court are **AFFIRMED**.