**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2659

_____

ROXANNE MAYS,

Appellant

v.

EDUARDO TOLOZA; ROBERT KAKOLESKI;
MUHAMMED AKIL; CITY OF JERSEY CITY;
JOHN DOES ONE THROUGH TWENTY FIVE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:13-cv-06108)
District Judge: Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 12, 2022

Before: RESTREPO, McKEE,* and SMITH, *Circuit Judges*

(Opinion filed: January 5, 2023)

_____

* Judge McKee assumed senior status on October 21, 2022.

OPINION[*]

McKEE, *Circuit Judge*

Roxanne Mays appeals the District Court's grant of summary judgment on her retaliation claims under New Jersey's Conscientious Employee Protection Act ("CEPA"), her discrimination claims under the New Jersey Law Against Discrimination ("LAD"), and her federal claims under 42 U.S.C. § 1983. For the reasons set forth below, we will affirm.[1]

**I.**

Mays contends, first, that the District Court erred in granting summary judgment on her two CEPA retaliation claims. To prove a prima facie case of retaliation under CEPA, an employee must show:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity . . . (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.[2]

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we "view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

[2] *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003).

The District Court properly granted summary judgment on Mays' claim that she was retaliated against for reporting a conflict of interest regarding Jersey City's tax reevaluation project because Mays did not perform any whistleblowing activity. To engage in a whistleblowing activity, an employee must make a disclosure or threaten to do so.[3] An employee who reports an issue that the employer is already well aware of has not made any disclosure and therefore has not performed a whistleblowing activity.[4] When Mays reported the conflict of interest regarding Jersey City's tax reevaluation project, both the committee overseeing the tax reevaluation project and the City's Corporation Counsel were well aware of the conflict.

Mays' claim of retaliation based on her reporting that Muhammed Akil had a government employee perform non-government work for him fares no better because Defendants did not take any retaliatory adverse employment action against her.[5] "The definition of retaliatory action speaks in terms of completed action."[6] Mays argues that Defendants retaliated against her by initiating an investigation into whether she complied with the New Jersey First Act. But "an investigation of an employee is not normally considered retaliation."[7] Although Mays experienced anxiety during the investigation,

---

[3] N.J. Stat. Ann. § 34:19-3(a).

[4] *See Watkins v. State of New Jersey, Off. of Att'y. Gen.*, No. A-5663-03T2, 2005 WL 3711182, at *2 (N.J. Super. Ct. App. Div. Jan. 30, 2006).

[5] *See* N.J. Stat. Ann. § 34:19-2(e) (defining "retaliatory action" as "the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment.").

[6] *Keelan v. Bell Commc'ns Rsch.*, 674 A.2d 603, 607 (N.J. Super. Ct. App. Div. 1996).

[7] *Beasley v. Passaic Cnty.*, 873 A.2d 673, 684–85 (N.J. Super. Ct. App. Div. 2005); *see also Sattelberger v. Twp. of Byram*, No. A-0468-07T1, 2008 WL 4391155, at *6–7 (N.J.

she was not terminated and no action was taken against her at the conclusion of the investigation.

Mays also contends that the District Court erred in granting summary judgment on her discrimination claims under the LAD and 42 U.S.C. § 1983. The District Court construed Mays' § 1983 claim as a claim to vindicate her rights under Title VII, and Mays does not challenge that construction on appeal. "In outlining approaches and infusing discrimination claims under the LAD with substantive content, [the Supreme Court of New Jersey] ha[s] adopted the Supreme Court's analysis of unlawful discrimination claims brought under Title VII . . . ."[8]

To establish a prima facie case of discrimination, a plaintiff must prove: (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances that support an inference of discriminatory intent.[9] An adverse employment action "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee."[10] Mays argues that she suffered an adverse employment action based on

---

Super. Ct. App. Div. Sept. 30, 2008) (investigating an employee's activities did not constitute an adverse employment action under CEPA).

[8] *Grigoletti v. Ortho Pharm. Corp.*, 570 A.2d 903, 907 (N.J. 1990).

[9] *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008); *see also Victor v. State*, 4 A.3d 126, 141 (N.J. 2010).

[10] *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), *as amended* (Sept. 13, 2006) (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir.1997)); *see also Gross v. City of Jersey City*, No. CV 18-9802, 2019 WL 2120312, at *4 (D.N.J. May 15, 2019) ( "For purposes of the LAD, 'an adverse employment action is one which is serious and tangible enough to alter an employee's compensation, terms, conditions, or

certain specified acts of mistreatment by Eduardo Toloza.[11] We agree with the District Court's conclusion that none of the specified acts rises to the level of an adverse employment action and so agree that Mays' discrimination claims fail.

## II.

For the above reasons, we will affirm the District Court's order granting Defendants' motion for summary judgment.

---

privileges of employment.'" (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)).

[11] To the extent that Mays contends that the District Court improperly excluded certain additional disputed material facts, we agree with the District Court's decision to deem facts cited by Defendants as undisputed where Mays failed to cite to particular evidence in the record to contradict Defendants' factual assertions. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (quoting *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)).