# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40300

———————

Christy G. Evans,

Plaintiff—Appellant,

*versus*

United States of America; Lisa Greenway; Carrie Gilliam; Juan De La Garza; Bryant Smith; Officer Hurtt,

Defendants—Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-715

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2025

Lyle W. Cayce
Clerk

Before Richman, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Nursing assistant Christy Evans filed this lawsuit alleging malicious prosecution, false imprisonment, and violation of her constitutional rights under the Federal Tort Claims Act and *Bivens*. She claims that she was arrested and faced adverse employment action based on administrative and criminal allegations against her that proved to be unsubstantiated. The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40300

district court dismissed her claims for lack of subject-matter jurisdiction. Because Evans failed to exhaust administrative remedies for her FTCA claims and because the facts of her case do not warrant extending *Bivens*, we AFFIRM.

I

Christy Evans worked as a nursing assistant at Sam Rayburn Memorial Veterans Center (the VA) in Bonham, Texas. On August 11, 2020, another nursing assistant, Carrie Gilliam, alleged that Evans had abused and neglected a patient. Evans claims that Gilliam reported the alleged abuse "wholly without evidence" and "maliciously" because Gilliam "wanted to take over [Evans's] position."

Based on Gilliam's allegations, Lisa Greenway, chief nurse at the VA, presented Evans with a proposed notice of suspension and ultimately suspended Evans for 14 days. But, two days after the suspension began, Greenway notified Evans that her suspension had been rescinded, without specifying why. Greenway later advised Evans that she was being reassigned from her position to temporary detail pending the results of the administrative investigation. But Greenway's letter noted that the temporary detail was "not disciplinary in nature."

The Department of Veterans Affairs provided a fact-finding report on the allegations against Evans. The report found that there was "no evidence that Ms. Evans . . . willfully violated patient rights that results in physical harm and abuse" and "no evidence that Ms. Evans . . . failed to provide personal hygiene services that resulted in patient neglect."

While the administrative investigation was pending, the VA police conducted a separate criminal investigation based on the same allegations of patient neglect. The Fannin County district attorney's office advised that "a charge of Texas Penal Code 22.04 Injury to a[n] . . . Elderly Individual . . .

would be appropriate." VA police officers obtained a warrant and arrested Evans. She was incarcerated in Fannin County Jail for one night before she posted bond. The district attorney's office ultimately rejected the case for prosecution.

On August 11, 2022, Evans filed an administrative claim with the Department of Veterans Affairs, seeking $2.5 million in damages stemming from malicious prosecution, wrongful imprisonment, and adverse employment action tied to the VA's administrative and criminal investigations.

Evans filed this lawsuit on August 19, 2022, and amended her complaint on December 21, 2022. Her amended complaint brings two claims against the United States, Gilliam, Greenway, and three VA police officers: (1) false arrest and malicious prosecution under the Federal Tort Claims Act and (2) violation of the Fourth and Fourteenth Amendments under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants moved to dismiss for lack of subject-matter jurisdiction. Evans responded and filed a motion under Rule 56(d) to continue the resolution of the motion pending discovery on the merits. *See* FED. R. CIV. P. 56(d).

The magistrate judge recommended granting Defendants' motion to dismiss and denying Evans's Rule 56(d) motion. The district court adopted the recommendation in full and dismissed Evans's claims without prejudice.

Evans timely appealed.

## II

We review *de novo* a district court's grant of a motion to dismiss for lack of subject-matter jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d

710, 714 (5th Cir. 2012). At the motion-to-dismiss stage, we may consider documents attached to the motion to dismiss that are central to plaintiffs' claims. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

We review a district court's denial of a Rule 56(d) motion for abuse of discretion. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

## III

## A

We first address whether the district court erred in dismissing Evans's FTCA claims against the United States for lack of subject-matter jurisdiction.

Before bringing an action under the FTCA, claimants must "first present[] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). An FTCA action cannot proceed in federal court until the claim is "finally denied by the agency in writing." *Id.* "The failure of an agency to make final disposition of a claim within six months after it is filed" constitutes a final denial, after which the claim can proceed in federal court. *Id.* This "requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (1981).

Evans first presented her claim to the Department of Veterans Affairs on August 11, 2022. She filed this lawsuit just over a week later, on August 19, 2022—long before the agency could issue a decision. Even measuring from the time she filed her amended complaint on December 21, 2022, the agency still had not made a final disposition of her claim, nor had six months passed since she presented it to the agency. Evans thus failed to meet the jurisdictional exhaustion requirements in § 2675(a). The district court did

not err in dismissing her FTCA claims for lack of subject-matter jurisdiction on this basis.

Evans does not dispute this point. Instead, she contends that the district court should have stayed her FTCA claims, rather than dismiss them without prejudice, so that she could exhaust her administrative remedies before the statute of limitations ran for malicious prosecution and false arrest. But the district court correctly held that "[t]he court will not disregard an unambiguous jurisdictional requirement" merely because Plaintiff brought her FTCA claims prematurely. A court cannot stay a matter if it lacks subject-matter jurisdiction. If no jurisdiction exists, a district court is required to dismiss the claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

B

We next address whether the district court erred in dismissing Evans's claims under *Bivens* against Gilliam, Greenway, and the VA officers for lack of subject-matter jurisdiction.

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. at 397. But the Supreme Court has cautioned against extending *Bivens* to new contexts, noting that it is a "disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quotation omitted). In fact, the Supreme Court has extended *Bivens* only twice since its inception, and claims are essentially limited to the circumstances of those three cases:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment . . .;
> (2) discrimination on the basis of sex by a congressman against

a staff person in violation of the Fifth Amendment . . .; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment[.]

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (citing *Bivens*, 403 U.S. at 389–90; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)).

The Supreme Court has provided a two-part test to determine when extension of *Bivens* would be appropriate. First, courts should consider whether the case presents a "new context." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). The context of a particular case is new if it is "different in a meaningful way from previous *Bivens* cases." *Ziglar v. Abbasi*, 582 U.S. 122, 139–40 (2017). Only where a claim arises in a new context should courts then proceed to the second step of the inquiry and contemplate whether there are "any special factors that counsel hesitation about granting the extension." *Hernandez*, 589 U.S. at 102 (cleaned up). These steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492.

Evans's case presents a new *Bivens* context. Here, although Evans alleges violations of the Fourth Amendment, as the plaintiff did in *Bivens*, her lawsuit differs from *Bivens* in several meaningful ways. *See Hernandez*, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). For instance, Evans's arrest occurred pursuant to a warrant and outside of her home. *Byrd v. Lamb*, 990 F.3d 879, 882 (distinguishing *Bivens* on these bases). And Evans does not allege that she was manacled in front of her family or strip-searched, as was the case in *Bivens*. *Id.* (again distinguishing *Bivens* on these bases). Evans's claims also differ from *Bivens* and its progeny in that the defendant officers are agents of the VA police, rather than federal narcotics agents (*Bivens*) or correctional

6

officers (*Carlson*). Her claims against nurse assistant Gilliam and chief nurse Greenway would create a new category of *Bivens* defendants altogether. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that the Supreme Court has refused to extend *Bivens* to new categories of defendants). These factual distinctions mean that Evans's case presents a new *Bivens* context.

Special factors counsel against extending *Bivens* to this new context. *See Hernandez*, 589 U.S. at 102. Congress is better positioned than we are to create a damages action for new defendants and new situations. *See Egbert*, 596 U.S. at 492–93. Unlike the legislative branch, we are not equipped to "weigh the costs and benefits" and "predict the systemwide consequences of recognizing a cause of action under *Bivens*." *Id.* at 492–93. And the Supreme Court instructs that we "may not fashion a *Bivens* remedy if Congress has already provided . . . 'an alternative remedial structure.'" *Id.* at 494 (quoting *Ziglar*, 582 U.S. at 137). Here, Evans had an alternative remedy under the FTCA (though she failed to pursue it properly). *See Hernandez*, 589 U.S. at 111 (noting that the FTCA is "the exclusive remedy for most claims against Government employees arising out of their official conduct.") "That alone" is reason enough not to infer a new *Bivens* cause of action. *Ziglar*, 582 U.S. at 137.

For these reasons, we reject Evans's request to extend *Bivens*.

## C

Finally, we address whether the district court abused its discretion in denying Evans's motion to continue resolution of Defendants' motion to dismiss pending discovery.

Evans filed her motion to continue under Rule 56(d), which provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may

> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or

> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Rule 56 pertains to motions for summary judgment, not motions to dismiss. On this basis alone, the district court did not abuse its discretion in denying Evans's motion.

But even if we construe Evans's motion more generally as a request for continuance and jurisdictional discovery, the district court still did not abuse its discretion in denying it.

On a motion to dismiss for lack of subject-matter jurisdiction, the district court must resolve any factual disputes relevant to jurisdiction. *Pickett v. Tex. Tech. Univ. Health Scis. Cntr.*, 37 F.4th 1013, 1029–30 (5th Cir. 2022). "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at trial." *Id.* at 1029 (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (3d ed. 2004)). So, whether it was appropriate for the district court to decide the motion to dismiss without continuance and discovery depends on "whether the subject-matter jurisdiction and merits questions are coterminous." *Id.* at 1030.

As to Evans's FTCA claims, the jurisdictional question was wholly separate from the merits. There is undisputed evidence that Evans filed this

lawsuit before exhausting her administrative remedies, thereby depriving the district court of subject-matter jurisdiction. No additional discovery on the merits of her malicious prosecution and false arrest claims could change that fact.

As to Evans's *Bivens* claims, it is true that the jurisdictional question—whether Evans has a cause of action under *Bivens*—is essentially a merits determination. But the district court did not need to resolve any factual disputes to make its determination that Evans's case arises in a new context in which *Bivens* should not be extended. The district court made its determination based on undisputed facts and Evans's own allegations from her complaint. Given that her claim is against VA officers and nursing staff and indisputably occurred pursuant to a warrant, Evans does not show how any additional discovery could lead to a finding that her case does not differ meaningfully from *Bivens*.

Because the district court did not need to resolve any factual disputes to reach its conclusion that it lacked subject-matter jurisdiction, it did not abuse its discretion in denying Evans's motion for continuance and discovery.

## IV

The district court did not err in dismissing Evans's FTCA and *Bivens* claims for lack of subject-matter jurisdiction. Nor did it abuse its discretion in denying further discovery before ruling.

We AFFIRM.