# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-30654
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2023

Lyle W. Cayce
Clerk

GEORGE ARRON BYRD,

> *Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED,

> *Defendants—Appellees*,

CONSOLIDATED WITH

———————————

No. 22-30657

———————————

REBECCA YARBROUGH,

> *Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP
AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN
HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER,
INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES,
INCORPORATED,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 22-30661

————————

JENNIFER DANIELLE BYRD,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP
AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN
HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER,
INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES,
INCORPORATED,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 22-30665

————————

Joy Lashawn Beverly,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*,

consolidated with

_____

No. 22-30666

_____

Lucy Ann Dailey,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*,

consolidated with

————————

No. 22-30667

————————

Sharitye Seay,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 22-30668

————————

George Leonard Coon,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

4

*Defendants—Appellees*,

CONSOLIDATED WITH

————————————

No.  22-30669

————————————

Dennis Edward Bosarge; Lorinda Ruth Bosarge,

*Plaintiffs—Appellants*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————————

No.  22-30671

————————————

Reynard Lenderis Brown,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED,

*Defendants—Appellees*,

CONSOLIDATED WITH

_____

No. 22-30694

_____

JOHN D. NAPLES,

*Plaintiff—Appellant*,

*versus*

BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INCORPORATED; BP, P.L.C.,

*Defendants—Appellees*,

CONSOLIDATED WITH

_____

No. 22-30724

_____

GARY JOSEPH TERREBONNE, JR.,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees,*

consolidated with

————————

No. 22-30725

————————

John Earl Fountain,

*Plaintiff—Appellant,*

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, p.l.c.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees,*

consolidated with

————————

No. 22-30726

————————

Royce Lamar Fairley,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP
AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN
HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER,
INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES,
INCORPORATED,

*Defendants—Appellees*,

CONSOLIDATED WITH

_____

No. 22-30728

_____

ALEXIS WHITE,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP
AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN
HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER,
INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES,
INCORPORATED,

*Defendants—Appellees*,

CONSOLIDATED WITH

_____

No. 22-30731

_____

TERRY HYE,

*Plaintiff—Appellant*,

*versus*

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN HOLDINGS, L.L.C.; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; HALLIBURTON ENERGY SERVICES, INCORPORATED,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:10-MD-2179, 2:17-CV-3070,
2:10-MD-2179, 2:17-CV-4292,
2:10-MD-2179, 2:17-CV-3642,
2:10-MD-2179, 2:17-CV-3045,
2:10-MD-2179, 2:17-CV-3528,
2:10-MD-2179, 2:17-CV-4244,
2:10-MD-2179, 2:17-CV-3686,
2:10-MD-2179, 2:17-CV-3639,
2:10-MD-2179, 2:17-CV-3104,
2:10-MD-2179, 2:12-CV-2564,
2:10-MD-2179, 2:17-CV-4192,
2:10-MD-2179, 2:17-CV-3200,
2:10-MD-2179, 2:17-CV-3188,
2:10-MD-2179, 2:17-CV-4227,
2:10-MD-2179, 2:17-CV-3293

_____

9

22-30654
c/w Nos. 22-30657, 22-30661, 22-30665, 22-30666, 22-30667, 22-30668, 22-30669, 22-30671, 22-30694, 22-30724, 22-30725, 22-30726, 22-30728, 22-30731

Before Clement, Southwick, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

These fifteen cases are yet another chapter in the Deepwater Horizon saga. We are asked here whether the district court abused its discretion by declining to extend discovery deadlines and instead ruling on BP's motion for summary judgment. We conclude it did not and so AFFIRM.

## I

The appellants here are workers hired by BP (through sub-contractors) to clean up the Deepwater Horizon oil spill. Because they allege that this work caused them acute, chronic medical conditions, they declined to participate in BP's previous class action settlement and chose to proceed individually.

For this collection of cases, the district court gave the workers over a year to submit expert reports concerning causation. The workers relied on Dr. Jerald Cook as their general causation expert. Dr. Cook concluded that several categories of injury can result from exposure to crude oil or dispersants, including harm to lungs, skin, and eyes.

Meanwhile, the workers tried to depose Dr. David Dutton, BP's main fact witness regarding the health and safety of clean-up workers. Aside from a short deposition that the workers found unsatisfactory, they were unable to do so. This, says the workers, kept them from presenting evidence on BP's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

22-30654
c/w Nos. 22-30657, 22-30661, 22-30665, 22-30666, 22-30667, 22-30668, 22-30669, 22-30671, 22-30694, 22-30724, 22-30725, 22-30726, 22-30728, 22-30731

decision-making regarding dermal testing and biomonitoring of clean-up crews.[1]

Despite that discovery issue, the district court here excluded Dr. Cook's report and granted summary judgment to BP. It first found that Dr. Cook did not identify "the harmful level of exposure to a chemical" at issue, a baseline requirement of general causation in these sorts of cases. Then, because the workers provided no other evidence of general causation, the district court awarded summary judgment to BP. It explained that even if the workers were correct that BP willfully declined to collect dermal testing and biomonitoring data, such a failure was irrelevant to general causation. The workers now appeal.

## II

Before diving into the merits, we note that the appellants here do not challenge the exclusion of Dr. Cook's report.[2] Instead, they argue only that the district court erred in granting summary judgment before they had a chance to depose a BP executive with regards to dermal testing and biomonitoring.

The court reviews the district court's denial of a Rule 56(d) motion for abuse of discretion. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam). The district court "has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."

---

[1] In a different case, BP produced another witness to testify on those topics, but that deposition was completed after the dismissals here.

[2] In each filed notice of appeal, the appellants claim to appeal the orders excluding Dr. Cook's report. They don't, however, make any argument here as to why that exclusion was wrong or why Dr. Cook's report satisfies the *Daubert* standard.

*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quotations and citation omitted).

Per Rule 56(d), a district court may defer or deny a summary judgment motion, or allow additional time for discovery, if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). To win on a Rule 56(d) motion, the moving party must "show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (citation omitted). It's not enough to "simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Biles*, 714 F.3d at 894 (quotations and citation omitted). Instead, the movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will *influence the outcome of the pending summary judgment motion.*" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotations and citation omitted) (emphasis added). The movant "must also have diligently pursued discovery." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotations and citation omitted).

In denying the workers' Rule 56(d) motions, the district court explained that the evidence the workers sought (on whether BP failed to conduct dermal testing and biomonitoring) was "irrelevant to the general causation inquiry." And even if the court were to consider any such evidence, the reasoning went, that evidence "would not cure the lack of 'fit' between Dr. Cook's general causation report and the facts of plaintiff[s'] case[s]." As such, the district court concluded that any stay of discovery deadlines was unwarranted, and that summary judgment was proper.

22-30654
c/w Nos. 22-30657, 22-30661, 22-30665, 22-30666, 22-30667, 22-30668, 22-30669, 22-30671, 22-30694, 22-30724, 22-30725, 22-30726, 22-30728, 22-30731

The appellants deem that denial an abuse of discretion. We disagree. We've repeatedly held that plaintiffs alleging injury due to exposure to toxic substances must prove both general and specific causation. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). The former concerns "whether a substance is capable of causing a particular injury or condition in the general population[.]" *Id.* (citation omitted). Once a court concludes that a substance *can* produce the plaintiff's particular injury, it must determine whether the substance *did* produce that injury. *Id.* That's specific causation.

In these toxic-tort cases, we demand *scientific—i.e., expert—* "knowledge of the harmful level of exposure to a chemical" as a "minimal fact[] necessary to sustain the plaintiffs' burden[.]" *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 724 (5th Cir. 2009) (same). Exposure data collected (or not) from the incident almost always bears on *specific* causation. It does not bear on whether, per the scientific literature, exposure to a chemical can cause a specific injury in the *general population*. As the district court rightly explained, "even assuming that BP had an affirmative duty to conduct dermal testing or biomonitoring after the oil spill, the lack of this information is not what renders Dr. Cook's expert report unreliable, unhelpful, and inadmissible."

And what's more, the appellants aren't even seeking the *data* from the incident.[3] They seek only to "gather factual information regarding the safety *decisions* made by BP," which they argue are "critical to the analysis of BP's duty to protect its workers and how BP failed in fulfilling that duty." While we agree that such information is important, it does not provide what the

_____

[3] The allegation, of course, is that it doesn't exist, and so obviously cannot be discovered.

district court concluded the appellants lack: expert evidence that specific chemicals can cause specific injuries in the general population.

Because the appellants do not explain how the evidence they seek would allow them to prove general causation, and because they do not otherwise challenge the exclusion of Dr. Cook's report, we cannot conclude that the district court abused its discretion here.

### III

The district court is AFFIRMED.